REBER and wife, Appellants, vs. HANSON and others, Respondents.*

*January 19—February 5, 1952.*

---

* Motion for rehearing denied, with $25 costs, on April 8, 1952.

634

For the appellants there was a brief by *Doar & Knowles,* and oral argument by *W. T. Doar, Jr.,* and *John Doar,* all of New Richmond.

For the respondents there was a brief by *Slocumb & Bundy,* and oral argument by *Ira O. Slocumb* and *Ronald J. Carey,* all of Menomonie.

BROWN, J.

"The legal obligations of parenthood include the duties of support, of care and protection, and of education." 39 Am. Jur., Parent and Child, p. 593, sec. 6.

"It is the right and duty of parents under the law of nature as well as the common law and the statutes of many states to protect their children, to care for them in sickness and in health, and to do whatever may be necessary for their care,

maintenance, and preservation, . . . A parent in the immediate control of a child of tender years who is too young to be capable of exercising any self-reliant care for its own safety is responsible for its preservation from hazards, and it is the parent's duty to watch over such child and to guard it from danger. In such case, the parent may be regarded in a sense as a repositary of a trust to nurture and protect his offspring. Parents are, of course, not required to do the impossible in caring for their children. As a rule, however, they are bound to provide such reasonable care and protection as an ordinarily prudent person, solicitous for the welfare of his child, would deem necessary." 39 Am. Jur., Parent and Child, p. 669, sec. 46.

On this appeal the most important question is whether the causal negligence of John's parents is a joint or a several matter; differently stated, whether each parent is guilty of all the negligence allotted by the jury to both parents or whether that negligence is divisible between them in portions which, when combined, total seventy-five per cent of all the causal negligence. There can be no doubt that in the abstract the duty to protect one's child is an obligation of parenthood, not of fatherhood more than motherhood or *vice versa*. We find no case and do not believe any exists in which the sex of the parent excuses the exercise of less than reasonable care in the performance of this obligation. The duty is that of each parent and neither is excused from observing it. When the facts of a case have made it appropriate, we have recognized that the failure to perform the duty was that of one parent alone and in such circumstances have not imputed the negligence of that parent to the other to affect the recovery of damages by the latter. Such a case is illustrated by *Hansberry v. Dunn* (1939), 230 Wis. 626, 284 N. W. 556, on which the appellants rely, where a child riding with its mother in an automobile was killed through the contributory negligence of the mother. The father was not present and it was not negligent of him to permit the mother to take the child on the drive. No breach of

his duty could be found and hence his right to recover under the wrongful-death statute (secs. 331.03, 331.04 (2)) was not affected by the comparative-negligence statute (sec. 331.045).

On the other hand, let us suppose an extreme case: Two parents sit idly on their porch and watch their small child wander into the street where it is hit by an automobile. The jury finds the driver forty per cent causally negligent and the parents sixty per cent. Since the negligence of each parent is exactly the same as that of the other in this hypothetical case it might be argued that the sixty per cent of their combined negligence is composed of thirty per cent negligence of each and, accordingly, each parent, having less causal negligence than the driver, would recover damages from him. We do not think this is or should be the law. We hold that the duty of parents to protect their child is the duty of both parents and it is not divisible so that either parent has half a duty (or some other fraction) for the breach of which he or she may be penalized, to that extent but no more, under the comparative-negligence statute. Both parents are under the whole duty of protecting the child, to the limits of reasonable care, against known and present dangers and such duty is not divisible.

The present action involves circumstances quite different from the *Hansberry Case, supra,* and, while it lacks the cold-blooded indifference of the hypothetical case just stated, it falls within the principle of that one. In the instant matter there was a present danger known to both parents, the danger being the ability of the child, and its custom, to leave the safety of the dwelling portion of the building and its yard, which we may concede is the mother's domain, and enter the dangerous, business part of the premises, which was primarily the father's part of the establishment. The parents are not required to do the impossible in keeping their child

safe, but surely it was not impossible to secure the house doors so the child could not get out during the hours when milk deliveries were being made, or to repair the yard fences so the boy would stay inside. There is no evidence that either parent ever attempted to take such precautions and, in the absence of these or similar barriers, with their knowledge that John was accustomed to get into the driveway and play there, the obligation of parental watchfulness over him increased if he was to have the care and protection which it was their duty to give him. It is true that both Mr. and Mrs. Reber had other things to do but, under the circumstances of the case, we consider that the duty to protect was joint, the opportunity to protect was equal, and as a matter of law neither the obligation nor the breach of it was divisible. Accordingly, the plaintiffs' contention that the court committed error by refusing to submit questions requiring the jury to compare the negligence of the separate parents to that of Hanson cannot be sustained. We conclude that the court correctly required the jury to compare Hanson's negligence with that of the parents as a unit.

Plaintiffs submit that it was error to admit evidence that John played in the driveway on other occasions, that the driveway was dangerous, and that no inclosed yard was provided for him to play in. Such evidence having been admitted, they submit it was error to instruct the jury to consider all the facts in reaching a decision. The argument is that the Rebers may have been negligent on other occasions but that is not proof they were negligent on this one. We do not consider the objection well taken. The Rebers' duty to protect John extends to dangers which they knew or ought to have known about, not to those whose existence was unknown and reasonably unknowable. The evidence was competent and relevant to show that the Rebers knew or should have known of John's propensity to leave safe areas and get into dangerous ones. Knowing this, their duty

arose to guard him against the peril, and posed the jury question of whether they performed that duty with ordinary care. The court instructed that it was only the negligence on the day in question which was to be considered by the jury. The further direction to consider all the facts was not error. The prior knowledge of the parents and the precautions which they took or failed to take in advance was proper for the jury to consider in determining whether, on the day in question, they were sufficiently watchful to meet the standard of due care.

The plaintiffs also urge that Hanson's negligence was an intervening cause which prevents the negligence of the Rebers from being a proximate cause of the accident. We are unable to take this view. We think the correct rule is expressed in the quotation which follows from Restatement, 2 Torts, p. 1206, sec. 452, comment *a*, in which the Rebers stand in the place of "the third person" and Hanson in the place of "the actor."

"The fact that the third person has failed to perform his duty to protect the other from harm threatened by the actor's negligence, implies that, had the duty been performed, it would have prevented the actor's negligence from causing the harm which results from it. In order that there can be a failure of a duty of protection the person owing it must have either the opportunity to perform it or at least he should have had such an opportunity had he been reasonably attentive to his surroundings. *The third person's failure to perform his duty in this respect makes him concurrently liable with the negligent actor for any harm which results from the actor's negligence and which would have been prevented by the performance of the third person's duty.*" (Emphasis ours.)

At the time of the accident Hanson drove a "Diamond T" truck with a cab and a van body. He testified that after he saw John looking at his book he got into the cab, started the engine, and then, with his feet on the clutch and brake pedals, leaned to his right, opened the right door of the cab,

and looked to the rear of his vehicle and saw John still at the spot where he had been. Plaintiffs wished to show that a view of John's location could not be had by such movements. They produced a witness, who had never been in Hanson's truck and had never seen it, to testify that he had sat in the cab of another Diamond T truck, had done what Hanson claimed to have done, and was unable to bring the area to the right-rear of the vehicle into view. The court excluded the evidence and the plaintiffs, who made an offer of proof, consider it was error to do so. If the witness had sat in *Hanson's* truck and had failed to accomplish what Hanson testified he had done it would still be difficult for us to overrule a trial judge who excluded the evidence in the absence from the record of proof that the height, weight, and agility of the two witnesses was so similar that their performances must be equal. Here we have not only a record silent as to the physical similarity between the two witnesses but there is a lack of proof that the two trucks were alike in all material aspects. In this state of the record we must consider the rejection of the testimony rests in the sound discretion of the trial court.

*By the Court.*—Judgment affirmed.