PRESTI, Respondent, v. O'DONAHUE, d/b/a O'DONAHUE INDUSTRIES, Appellant.

*October 28—November 24, 1964.*

596

For the appellant there was a brief and oral argument by *George D. Young* of Milwaukee.

For the respondent there was a brief and oral argument by *Burton A. Strnad* of Milwaukee.

HEFFERNAN, J. The defendant-appellant challenges the verdict of the jury and the decision of the trial judge upholding the jury's actions. He contends that greater weight

of the plaintiff's own testimony indicates that the accident did not happen as the jury and trial court concluded, and that if there was any negligence involved it was the negligence of the plaintiff in failing to use the device (the steel plate) properly.

Our conclusion is that all of the findings have adequate support in the evidence and that there was no error in ordering judgment for the plaintiff.

## Negligence of the Plaintiff.

The defendant contends that the sole cause of the accident was the plaintiff's failure to exercise proper care, since he could have moved the truck farther from the dock and thus would have eliminated the overhang which allegedly caused the accident. This contention overlooks testimony that indicated that to do that would have introduced a new danger, that of having the plate slip from the truck and, as the witness Breslauer said, "fall through."

The standard of care required by the plaintiff, a frequenter, was not that of the highest degree of caution, for all that is required is the exercise of ordinary care. If the frequenter lives up to that standard, he is free of negligence and need not take any of the unusual precautions that the defendant suggests. There is no evidence that the plaintiff failed to follow the usual and customary method of unloading the truck. To do so is not negligence. *Neitzke v. Kraft-Phenix Dairies, Inc.* (1934), 214 Wis. 441, 253 N. W. 579.

The jury found no negligence on the part of the plaintiff. It was sustained in its judgment by the trial court. No reasonable cause has been advanced to show that the plaintiff was negligent or that the jury failed to make a decision on the basis of the evidence before it. On the contrary, it appears from the record that the verdict is supported by the evidence.

Whatever conflict there was in the record was resolved by the jury in favor of the plaintiff. The jury had the opportunity to observe the demeanor of the witnesses, and it was for the jurors, not for us, to determine the weight to be given to the various statements. In addition, the findings of the jury were approved by the trial court. Under these circumstances we can only rely on the decision of the trial court. *Shaurette v. Capitol Erecting Co.* (1964), 23 Wis. (2d) 538, 548, 128 N. W. (2d) 34. The question for us to decide is whether there was any credible evidence under any reasonable view to support the jury's findings. It is evident that there was. The appellant's counsel admits this in his brief, but contends that the weight of plaintiff's own testimony is contrary to a finding of liability upon the defendant. That is not a question to be decided by this court, and having found credible evidence to support the verdict of the jury and the decision of the trial court, we cannot pursue the matter further.

## Negligence of the Defendant.

It seems equally clear that the verdict finding causal negligence of the defendant must be sustained. The evidence taken in a light most favorable to the verdict indicates that the failure to provide a more-adequate dockboard would support a finding of negligence.

An expert witness testified that angled, bevel-edged dockboards were in common use in Milwaukee. The evidence showed that the beveled edge would have avoided the overhang of the steel plate and, consequently, a barrel truck could have been pushed smoothly onto the dockboard, and the angle would have compensated for the difference in heights between the truck and the dock.

On the basis of this evidence, the jury could decide that the steep angle and the projecting edge of the steel plate

were the cause of the plaintiff's injuries, and that the defendant had failed to maintain the degree of safety required by the statute. They could have considered the relatively low cost at which a more efficient and safer dockboard might have been provided. *Venden v. Meisel* (1957), 2 Wis. (2d) 253, 85 N. W. (2d) 766.

The plaintiff unloaded the truck in his customary way with the dockboard placed there for the purpose by the defendant. The dockboard proved to be unsafe for the purpose intended and the jury found that the defendant was "negligent in failing to maintain the docking facilities as free from danger as the nature of the facilities reasonably permitted." The standard of care required under the safe-place statute is higher than that which is required under the common law—the place must not only be safe but as safe as the nature of the place will reasonably permit. *Krause v. Menzner Lumber & Supply Co.* (1959), 6 Wis. (2d) 615, 95 N. W. 374. While this does not mean that the employer had a duty to furnish devices that would insure the safety of a frequenter, it does mean that the jury may determine whether the employer might not have supplied devices that would have made the place as safe as its nature would reasonably permit. The jury may, as it apparently did here, look to the technology of the business and determine that devices reasonably available to the employer might have been used to meet the standard of care required by the statute. The failure to meet this standard constitutes negligence under the safe-place statute.

It is necessary under the statute that the defendant have notice, actual or constructive, of an unsafe condition. *Longberg v. H. L. Green Co.* (1962), 15 Wis. (2d) 505, 113 N. W. (2d) 129, 114 N. W. (2d) 435. The evidence is undisputed that plaintiff told an employee of the defendant several weeks prior to the accident that the steel plate was

unsafe to use as a dock bridge. This is actual notice of the unsafe condition. The defendant cannot now complain that he did not know of the hazard.

*By the Court.*—Judgment affirmed.