MARIUZZA, Appellant, v. KENOWER, Individually and as Special Administratrix, and others, Respondents.

*No. 388.   Argued April 7, 1975.—Decided May 6, 1975*
(Also reported in 228 N. W. 2d 702.)

322

For the appellant there was a brief by *Herbert L. Usow, S. C.* of Milwaukee, and oral argument by *Mr. Usow.*

For the respondents Sharon Mae Kenower and Milwaukee Mutual Insurance Company there was a joint brief by *Jury, Nelson & Bayorgeon* of Appleton and *James C. Pankratz* of Sturgeon Bay, and oral argument by *James Bayorgeon;* for the respondents Edward Braun and United States Fidelity and Guaranty Company there was a brief by *Everson, Whitney, Everson, Brehm & Pfankuch, S. C.* of Green Bay, and oral argument by *James Everson.*

ROBERT W. HANSEN, J.   Two issues are raised by this appeal.

*Combined negligences.* Appellant's contention that the negligence of the tenant and landowner should have been combined for purposes of comparison with the negligence of the plaintiff fails for two reasons:

(1) *The required basis for such combining does not here exist.* The general rule in this state is that the comparison of negligence in a multiple-defendant case is "required to be between the plaintiff and the individual defendants." [1]   The sole exception, arising in a case

---

[1] *Schwenn v. Loraine Hotel Co.* (1961), 14 Wis. 2d 601, 609, 610, 111 N. W. 2d 495, this court holding: "We must agree with the defendants, however, that the trial court erred in combining their negligence for purposes of the jury's comparison with that of the plaintiff.  Under sec. 331.045, Stats., which modified the common-law rule barring recovery by one who is contributorily negligent, the comparison of negligence in a multiple-defendant case is required to be between the plaintiff and the individual defendants. . . . Otherwise, it would be possible for a plaintiff to recover from a defendant less negligent than himself.  We cannot

where the negligence of parents was involved,[2] is limited to situations where the duty involved ". . . was joint, the opportunity to protect was equal, and as a matter of law neither the obligation nor the breach of it was divisible." [3] It is not only the duty to maintain the driveway, this court said in *Schwenn*, but also the opportunity to maintain it in a safe condition that must be equal for the exception to apply.[4] In the case before us, not only would the duties, particularly as to warning a guest of ice on the rear steps, be different as between tenant and landlord, but the opportunities to remove the ice or warn the guest were not equal between the tenant on the premises and the landlord living in California. There was no error here in not combining the negligence of tenant and landlord for purposes of comparison with the negligence of the plaintiff. Under *Schwenn*, it would have been error to do so.

(2) *The request for a combining of negligence was not timely made.* It was on motions after verdict that plaintiff's counsel first claimed that the negligence of tenant and landlord related to their single and joint act of maintaining a trap on the premises. The trial court then said: "The case was not tried or submitted to the jury under such theory of negligence. Plaintiff's counsel never made any request to have the jury apportion negligence only between the defendants, combined, and the plaintiff. It

---

believe that the legislature intended such a result." (Citation omitted.)

[2] *Reber v. Hanson* (1952), 260 Wis. 632, 51 N. W. 2d 505.

[3] *Id.* at page 638.

[4] *Schwenn v. Loraine Hotel Co., supra*, footnote 1, at page 610, this court holding: "The basis for the court's holding in [*Reber v. Hanson*] is not present here. Even if the duty of the defendants to maintain the driveway safe were considered equal, the opportunity to so maintain it may or may not have been equal. The hotel had someone on duty at the driveway at all times, while the cab company employees might be there only sporadically, especially if the taxi business was good. This is a matter for the jury."

was not claimed by plaintiff's counsel when the special verdict was being considered and framed by the court, and counsel, upon conclusion of the trial, that the negligence of all defendants combined should be compared with the negligence of the plaintiff." Where there was agreement between court and counsel, or where there is an absence of objection, as to instructions and form of verdict, the case goes to the jury under such instructions and for the return of such verdict.[5] Here the case went to the jury, following instructions as to duties owed by the landlord and the tenant, and with directions to the jury to determine whether or not such several duties had been separately breached by the tenant or the landlord or both. Plaintiff here was not entitled to change his game plan after the verdict was returned and argue a theory of the case different from that contained in the complaint, instructions and form of verdict. On the instructions given and form of verdict used, plaintiff had no right to have the negligence of the two defendants combined, and, on the theory of a single act and duty being alone involved, the claim of right to have the negligence of tenant and landlord combined was belatedly raised.

[5] *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 701, 702, 154 N. W. 2d 237, this court holding: ". . . If counsel knows the form of the verdict prior to the verdict's submission to the jury, he should then object; if no such opportunity is afforded counsel, objection to the form of the verdict should be made before the jury returns its verdict. A party cannot take his chance with the jury and object only if he loses. . . .

"An objection to the instructions for inadequacy or insufficiency must also be made at least prior to the return of the verdict. Generally, counsel should timely submit his requested instructions, but if this is not done and the instructions given are not erroneous as a misstatement of the law but are incomplete, it is the duty of counsel to object at the time the instruction is given. [cases cited] Absent proper objections by the plaintiff, these alleged errors in the verdict and the instructions are not before us."

*Contributory negligence.* Appellant's contention that the jury was not entitled to find her guilty of contributory negligence fails in two particulars:

(1) *As a matter of law, plaintiff could be found guilty of contributory negligence.* Even under the instructions given and form of verdict used, plaintiff's counsel contends that the jury verdict, finding plaintiff guilty of 40 percent causal negligence, cannot stand. The argument goes as follows: The plaintiff was a social guest of the tenant, so the relationship between the parties was that of licensee-licensor.[6] As a licensor, the liability of the host is for "active negligence" or for injuries caused by a "trap" on the premises.[7] Here there is no allegation of "active negligence," nor basis for such claim.[8] So liability of the licensor here must be predicated upon the "trap" theory of liability. A "trap" arises when the licensor " '. . . fails to disclose to the licensee a known but concealed danger.' " [9] Therefore, counsel argues, if the ice on the rear steps was not a *concealed* danger, it was not a "trap." If the ice on the steps was such *concealed* danger, the guest could not know it was there and cannot be found contributorily negligent. The logic carries plaintiff a ways, but not far enough to help.

---

[6] *Kaslo v. Hahn* (1967), 36 Wis. 2d 87, 89, 153 N. W. 2d 33.

[7] *Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 126, 141 N. W. 2d 902.

[8] *Kaslo v. Hahn, supra,* footnote 6, at page 93, this court holding: "A condition of the premises whether created through an affirmative act of a defendant or through natural causes is not an activity. An act, then, which creates a dangerous 'condition of the premises' is not an 'activity,' nor is it 'active conduct,' 'operational conduct' or 'active intervention.' Consequently, a licensor cannot be held liable for an act which creates a dangerous 'condition of the premises.' In such a case liability can be established if the condition is a trap and the defendant fails to warn, but the liability then is based on the defendant's failure to warn rather than his act in creating a dangerous condition."

[9] *Flintrop v. Lefco* (1971), 52 Wis. 2d 244, 248, 190 N. W. 2d 140, quoting *Szafranski v. Radetsky, supra,* at page 126.

In a recent dove-into-shallow-water case, our court made clear that, except as to active negligence, a licensor's duty is only to warn of concealed but known hazards and so ". . . if there is no concealed hazard no duty is imposed upon the licensor to protect the licensee." [10] If the hazard is not concealed, there is no "trap," and no duty to warn. Conversely, if a hazard is entirely concealed from view, it is difficult to envision a circumstance where the licensee would be held to a duty to observe what was not observable. [11] However, these two situations deal only with conditions entirely concealed or not at all concealed. In between are the conditions where the question of fact is whether under the facts of the case the condition was obvious to a reasonable man in the exercise of ordinary care. In a slipped-on-the-ice case, the majority of our court held that this was a question of fact to be answered by the jury. [12] Distinguishing the earlier dove-into-shallow-water case, our court noted that the diver had observed the condition of the water, whereas the plaintiff who slipped on the ice, did not observe the condition of the steps, concluding ". . . Whether he should have observed the condition of the steps is a question of fact." [13]

In the case before us, there clearly was a jury question as to whether the ice on the rear steps was an obvious condition or whether it was reasonable to assume that the existence of such condition would be understood and

[10] *Scheeler v. Bahr* (1969), 41 Wis. 2d 473, 478, 164 N. W. 2d 310.

[11] *But see: Campbell v. Sutliff* (1927), 193 Wis. 370, 373, 214 N. W. 374, a stepped-into-coal-hole case involving an invitor-invitee relationship, this court stating: ". . . If he had been a mere licensee who was obliged to take the premises as he found them he might have been guilty of contributory negligence. . . ." (Case overruled on unrelated holding in *Powers v. Allstate Ins. Co.* (1960), 10 Wis. 2d 78, 92, 102 N. W. 2d 393.)

[12] *Flintrop v. Lefco, supra,* footnote 9, at page 250.

[13] *Id.*

appreciated.[14] The issue of fact here was whether the plaintiff did observe or, under the reasonable person test, should have observed the ice on the steps. With the case submitted under the comparative negligence approach, the finding of 40 percent negligence on the part of the plaintiff could relate either to her failure to observe or, having observed, proceeding nonetheless. Negligence in failing to observe what was observable would negative the existence of a "trap." Negligence in manner of proceeding after observing the hazardous condition would make the existence of the "trap" or failure to warn non-causative as to the fall. In the dove-into-shallow-water case, our court held that whether the same facts which discharge a licensor's duty to warn "also constitute contributory negligence is irrelevant."[15] Under the circumstances of this case, whether the finding of negligence on the part of the plaintiff is viewed as indicating the existence or nonexistence of a "trap," the result is the same. If the jury verdict apportioning 40 percent of the total negligence to the plaintiff stands, the plaintiff here cannot recover.

(2) *The verdict of the jury apportioning 40 percent negligence to the plaintiff is supported by the evidence.*

[14] *Scheeler v. Bahr, supra,* footnote 10, at page 480, this court holding: ". . . [I]n those cases where the duty that allegedly devolves upon a possessor of land or other property is the duty to warn of a hazard, the defendant is relieved of that duty if the hazard is obvious or where it is reasonable to assume that it will be understood and appreciated. Under these circumstances, the obligation of the host in regard to 'traps' is discharged and he has no duty to the licensee. . . ."

[15] *Id.* at page 480, this court holding: "We need not further consider plaintiff's contention that his possible knowledge was merely an element of his own contributory negligence, not vitiating the complaint. . . . [T]he question of whether the same facts which discharge the defendant's duty [to warn] also constitute contributory negligence is irrelevant. '. . . the defense [of contributory negligence] is one of the plaintiff's disability, rather than the defendant's innocence.'" (Quoting Prosser, *Law of Torts* (3d ed.), p. 427, sec. 64.)

The record here contains sufficient credible evidence for the jury to have found, as it did, that the plaintiff did not exercise ordinary care for her own safety. The test on review is the any credible evidence test.[16] As to whether the plaintiff did in fact observe the ice before placing her foot on the step, there is evidence in her own pretrial statement to the claims adjuster that she did, and the jury was entitled to believe such earlier statement rather than her testimony on the witness stand. As to whether the illumination from light and windows made the patch of ice observable, there was testimony in the record, which the jury was entitled to believe, that the ice on the steps was thus made observable. The jury here was entitled to find on this evidence either that the plaintiff negligently failed to observe the icy condition of the step, or that, having observed such condition, she negligently proceeded down the steps. Actually the facts in this case are very much like the fact situation before the court in the *Lefco Case,* where the trial court had directed the verdict for the defendants, our court held that there ". . . was sufficient credible evidence presented by the plaintiffs to create issues of fact for jury determination." [17] Here, as there, we find that whether the plaintiff should have observed the condition of the steps or, having observed them, acted reasonably in proceeding down them were issues of fact for the jury. While the form of verdict here was that of ordinary negligence, we repeat that the right of plaintiff's counsel to seek and secure a form of verdict more precisely tailored and limited to the liability of licensor to licensee for a "trap" on the premises was to be asserted when the

[16] *See: Carr v. Amusement, Inc.* (1970), 47 Wis. 2d 368, 371, 177 N. W. 2d 388, this court stating: "This is a jury verdict which has the full approval of the trial court. It is not to be upset if there is any credible evidence which under any reasonable view fairly admits of an inference supporting the findings. . . ."

[17] *Flintrop v. Lefco, supra,* foonote 9, at page 249.

special verdict questions were framed.[18] As above noted, the right to object to the instructions given and form of verdict submitted was not timely asserted on motions after verdict. People say: "If I had my life to live over again . . . ." Trial counsel sometimes have reason to say: "If I had the case to try over again . . ." However, in this case we see little basis for suspecting that the all-or-nothing-at-all nature of the "trap" theory of the case would have rendered a different result for a plaintiff found 40 percent negligent by the jury under the general or comparative negligence theory under which the case went to the jury.

*By the Court.*—Judgment affirmed.

[18] *Dutcher v. Phoenix Ins. Co.* (1968), 37 Wis. 2d 591, 603, 155 N. W. 2d 609, this court holding: "It is a well-accepted principle that parties to a lawsuit have a distinct obligation to aid in the preparation of special verdicts and to voice objection to questions when the trial court has an opportunity to correct them."