SOCZKA, and another, Plaintiffs-Appellants, v. RECHNER, and others, Defendants-Respondents.

*No. 615 (1974). Submitted on briefs March 4, 1976.—
Decided June 14, 1976.*
(Also reported in 242 N. W. 2d 910.)

For the appellants the cause was submitted on the brief of *Crooks, Crooks & Low* of Wausau.

For defendants-respondents, Jacob Rechner and Rural Mutual Insurance Company, the cause was submitted on the brief of *Terwilliger, Wakeen, Piehler, Conway & Rouse, S. C.* of Wausau.

For defendants-respondents, Irvin A. Huebsch and American Family Mutual Insurance Company, the cause was submitted on the brief of *Tinkham, Smith, Bliss, Patterson & Richards* of Wausau.

DAY, J. The judgments appealed from, dismissing the complaint of the plaintiffs against each of the defendants, are based on a jury verdict finding the plaintiff Alois Soczka, Jr., 45 percent negligent and defendants Jacob Rechner and Irvin Huebsch 30 percent and 25 percent negligent, respectively, in an accident in which Soczka's car collided with a tractor being driven by the defendant Huebsch. The questions on appeal are (1) Should Huebsch's negligence be imputed to Rechner on the theory that Huebsch was Rechner's agent? (2) Should the plaintiff here be allowed to recover under sec. 895.045, Stats.,[1] where he is more negligent than any of the other individual tort-feasors but not more than 50 percent negligent?

On May 30, 1970, at approximately 1:00 a.m., Jacob Rechner drove Arthur Schultz to the farm of Leroy Lange where Schultz worked and maintained his residence. The Lange farm is located on Highway N in Marathon county. In the course of backing out of the Lange driveway Rechner proceeded all the way across Highway N and into the ditch on the opposite side of the road. He was unable to drive his car out of the ditch; and Schultz came to his assistance with a Lange tractor

[1] "895.045 **Contributory negligence.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

and a rope. The two tried unsuccessfully to pull the car out of the ditch.

At this point Irvin Huebsch came along Highway N in his truck. He stopped to remonstrate with Schultz because the tractor did not have its lights on, although the Rechner car did. Rechner then asked Huebsch for assistance, since they knew each other; and Huebsch offered to get a chain from his nearby home. Rechner encouraged him to do so. Huebsch left to get the chain while Schultz returned the tractor to Lange's yard and retired for the night. When Huebsch returned, he gave the chain to Rechner who hooked it to his car[2] while Huebsch parked his truck in the Lange yard and got the Lange tractor. Huebsch positioned the tractor, which now had its lights on, in front of Rechner's car. He backed up to five or six feet in front of the car before Rechner motioned him to stop. The tractor was then facing east southeast along Highway N and occupied most of the northern, westbound lane. Huebsch remained seated on the tractor while Rechner attempted to fasten the chain to it.

At this time the plaintiff, Alois Soczka, Jr., approached in his car from the east. Huebsch saw Soczka come over a crest in the road about 800 feet away. Huebsch continued watching the Soczka car right up to the time Soczka collided with the tractor. When he realized that Sockza was not going to stop, Huebsch yelled to Rechner to get out from behind the tractor.

At the trial Soczka testified that while approaching the tractor on Highway N he had passed the lights of an oncoming car and remembered nothing else. At the trial

---

[2] Huebsch testified at an earlier deposition that he may have helped Rechner attach the chain to the car before getting the tractor. This discrepancy was mentioned at the trial, and Huebsch admitted he really couldn't recall whether he or Rechner had hooked the chain to the car. Rechner implied in his testimony that he himself had done so.

he testified that he was not blinded by the oncoming car, and that he never saw the tractor or the Rechner car, both of which had their lights on and were in his unobstructed path of vision. He did not apply his brakes and estimated his speed at the time of impact at between 40 and 50 miles per hour.

Soczka's car was demolished in the collision which pushed the tractor back until it bumped into Rechner's car. Soczka suffered numerous injuries, principally to his face and head, which required extensive surgery. The jury awarded him $30,000 damages which are not at issue on this appeal. Rechner was also injured in the collision.

Soczka brought suit against Rechner and Huebsch, alleging that Rechner and Huebsch were jointly negligent in failing to take sufficient precautions to prevent the accident. No allegation was made that Huebsch was acting as Rechner's agent. At the trial, Soczka did not indicate that he was relying on principles of agency to combine the negligence of Rechner and Huebsch. The only evidence relevant to the determination of whether agency existed are two brief references to the fact that Rechner asked Huebsch for assistance and the testimony of Huebsch that Rechner had motioned him to stop while he was maneuvering the tractor into position in front of the car. No jury instruction or special-verdict question concerning agency was requested by Soczka.

After a verdict was returned, Soczka moved that Huebsch's negligence be imputed to Rechner on the theory that "the uncontradicted evidence adduced at the trial clearly, and as a matter of law" established a principal-agent relationship between Rechner and Huebsch. Soczka also moved to conform the pleadings to the agency theory. The trial court denied these motions, pointing out that agency was not an issue raised by the pleadings and stating that to permit amendment of the pleadings

after verdict would require a new trial on the agency issue. The trial court concluded that an agency relationship did not exist. Judgments were granted dismissing Soczka's cause of action against Rechner and Huebsch, from which judgments Soczka now appeals.

The first question is whether the trial court erred in refusing to find as a matter of law that an agency relationship existed between Rechner and Huebsch. The second question is whether this court should change the law to allow recovery in a situation where the plaintiff's negligence is no more than 50 percent of the total negligence of all parties but more than any individual defendant.

In the present case the issue of Huebsch's agency was not pled or tried or covered by the special-verdict or jury instructions. Plaintiff argues that he should be allowed to amend his pleadings and to secure judgment against the defendants based on a finding that, as a matter of law, Huebsch was Rechner's agent. It is within the trial court's discretion to allow amendment of pleadings until and even after judgment.[3] This court has consistently held, however, that such amendment cannot unfairly deprive the adverse party of the opportunity to contest the issues raised by the amendment. *D. R. W. Corp. v. Cordes* (1974), 65 Wis. 2d 303, 308, 222 N. W. 2d 671. In *Wipfli v. Martin* (1967), 34 Wis. 2d 169, 174, 148 N. W. 2d 674, the trial court had refused as untimely a motion filed the day before trial to amend the com-

---

[3] "269.44 Amendments of processes, pleadings and proceedings. The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

plaint to allege that a contract of insurance existed. between the named defendants. This court acknowledged that the trial court has a broad discretion in the area of allowing amendment to pleadings, but held that under the circumstances there could have been no prejudicial surprise of the insurance company and that the court had, in fact, abused its discretion.

In the present case the trial court stated in its decision that amendment of the complaint to allege an agency relationship between Rechner and Huebsch would raise a new issue of fact requiring a new trial. Here the plaintiff had failed to plead the allegation of agency, and made no claim of excusable neglect, and the trial court did not abuse its discretion in refusing to allow the plaintiff to introduce a new legal theory after the close of the evidence. *Allen v. State Farm Fire & Casualty Co.* (1976), 71 Wis. 2d 212, 238 N. W. 2d 104.

■ Whether a principal-agent relationship exists is ordinarily a question for the jury. The question usually turns on facts concerning the understanding between the alleged principal and agent. *Bigley v. Brandau* (1973), 57 Wis. 2d 198, 203 N. W. 2d 735. On the basis of the record before us, and in view of the fact that the defendants were never apprised of the later agency theory of the plaintiff, we cannot conclude as a matter of law that no evidence could have been produced by the defendants that would have refuted the agency theory. We agree with the trial court that the issue was never really tried. *See: Troy Co. v. Perry* (1975), 68 Wis. 2d 170, 177, 178, 228 N. W. 2d 169.

The second issue, raised by the plaintiff for the first time on appeal, is whether this court should change the law to provide that where the plaintiff's negligence is less than the combined negligence of multiple defendants, even though greater than any single one, recovery should be allowed; or, alternatively, whether we should adopt

"pure comparative negligence" and allow a plaintiff to recover even though the plaintiff's negligence is more than 50 percent.

This issue was not raised before the trial court; and, under the oft-stated rule of this court, Soczka has no right to a review of the question in this court. *Williams v. Hofmann* (1974), 66 Wis. 2d 145, 156, 223 N. W. 2d 844. However, this court has repeatedly interpreted the comparative negligence statute as clearly providing that the comparison of negligence between the plaintiff and multiple tort-feasors involves a separate comparison between the plaintiff and each of the defendants. The court first enunciated this principle in *Walker v. Kroger Grocery & Baking Co.* (1934), 214 Wis. 519, 252 N. W. 721, and reiterated it recently in the case of *Mariuzza v. Kenower* (1975), 68 Wis. 2d 321, 325, 228 N. W. 2d 702.

As recently as 1971, when the comparative negligence statute was amended to provide that the plaintiff's negligence must be "greater than" rather than "equal to" the defendant's to bar recovery, the legislature did not see fit to change the rule with regard to multiple tort-feasors or to adopt a position of "pure comparative negligence." While this court, in *Lupie v. Hartzheim* (1972), 54 Wis. 2d 415, 418, 195 N. W. 2d 461, held that under the court's inherent power it could change the comparative negligence rule, in view of the legislature's enactment of a comparative negligence statute, it declined to do so and stated that any change in the statute created by the legislature should be by legislative action. The view of this court in that respect has not changed.

*By the Court.*—Judgments affirmed.