145 N.J. Super. 71 (1976)
366 A.2d 1022
DANIEL L. RAWSON, PLAINTIFF,
v.
CLAUDIA LOHSEN, BOROUGH OF CARLSTADT, NEW JERSEY BOROUGH OF EAST RUTHERFORD, NEW JERSEY, AND COUNTY OF BERGEN, NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 16, 1976.
*73 Mr. John B. Hall for plaintiff (Messrs. Davies, Davies & Hall, Esqs,. attorneys).
Mr. Edward P. Shea for defendant Claudia Lohsen (Mr. Robert J. Casulli, attorney).
Mr. Norman S. Costanza, attorney for defendant Borough of East Rutherford.
Mr. James X. Sattely for defendant Borough of Carlstadt (Messrs. Mastrangelo and Sattely, attorneys).
Mr. Richard J. Donohue for defendant County of Bergen (Messrs. Olson & Donohue, attorneys).
SMITH, J.C.C., TEMPORARILY ASSIGNED.
The jury's answer to a liability interrogatory posed in this unusual accident case actually frames a legal issue which must be decided to mold the judgment under our Comparative Negligence Act, N.J.S.A. 2A:15-5.2(c). Evidence adduced during the trial painted this factual picture:
On January 27, 1974 Daniel Rawson was riding his motorcycle in a northerly direction on Hackensack Street. As he approached the Hoboken Road intersection, vision to the southwest was obstructed by a police booth. The traffic light behind the booth was hidden from view and did not become visible until he was almost upon it. He observed amber and green lit simultaneously but could not bring his motorcycle to a halt before entering the intersection. Claudia Lohsen's car reached the same place at that point in time. Traveling west on Hoboken Road she had been stopped for a red light. When the color turned green she proceeded forward without making any lateral observations. Neither driver saw the other until immediately before impact.
*74 The intersection in which the collision occurred is formed by the crossing of two county roads and traversed by the boundary line between the Borough of Carlstadt and the Borough of East Rutherford. Vehicular movement is regulated by a pair of traffic light stanchions placed on diagonally opposite corners, one in each municipality. The absence of proof as to construction or control by the County of Bergen resulted in a dismissal of all claims against the County on motion. R. 4:40-1. In a helter-skelter manner, both municipalities exercised control over the traffic lights and shared maintenance costs. On the date of the accident, during a four-second interval in the cycle, the light governing traffic flowing north on Hackensack Street did in fact show amber and green at the same time. The light facing west on Hoboken Road went from green to amber to red to total darkness for four seconds.
Having found that the accident was a proximate result of the negligence of all parties, the jury apportioned the degrees of fault attributable:

 Defendant Claudia Lohsen ...................... 5%
 Defendant Borough of Carlstadt ................ 25%
 Defendant Borough of East Rutherford .......... 25%
 Plaintiff Daniel Rawson ....................... 45%
 ____
 Total ................. 100%

Thus, plaintiff was found to have been more negligent than each individual defendant but less negligent than all of the defendants combined. Damages to reasonably and fairly compensate him for personal injuries and property damages were then determined to be $9930. How much, if any, of this amount can be collected depends upon judicial construction of the Comparative Negligence Act. N.J.S.A. 2A: 15-5.1 et seq.
Under the common law as it existed in New Jersey, any degree of contributory negligence found to be a substantial factor in bringing about the harm complained of operated *75 as a bar to recovery. O'Brien v. Bethlehem Steel Corp., 59 N.J. 114 (1971). This doctrine was abandoned in 1973 by the promulgation of the Comparative Negligence Act, the relevant portion of which provides:
Contributory negligence shall not bar recovery * * * if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages sustained shall be diminished by the percentage sustained of negligence attributable to the person recovering. [N.J.S.A. 2A:15-5.1; emphasis supplied]
Plaintiff contends that if the word "person" in the above statute is not interpreted to include the plural, his right to recovery will become contingent upon the number of wrongdoers inflicting harm. Such a narrow construction, he argues, would create an inequitable yardstick of liability never contemplated by the Legislature. Since his negligence was not greater than the combined negligence of all defendants, the verdict should be molded to enter a judgment in favor of plaintiff against all defendants in the diminished sum of $5461.50.
On the other hand, each defendant asserts the position that the statutory word "person" was selected by design. If degrees of negligence are not compared on an individual basis, the most negligent of all parties might recover in full from the one least responsible. A classic illustration of the inequities thus achieved is shown by application of such construction to the facts in this case. Although the inadvertence of Claudia Lohsen was only a minor factor (5%) and the carelessness of Daniel Rawson a major factor (45%) in causing the accident, he would obtain a judgment against her. This result is contrary to the obvious legislative intent and the verdict should be molded to enter a judgment in favor of all defendants.
New Jersey is one of a number of states which have adopted the Wisconsin version of comparative negligence.[1] *76 Draney v. Bachman, 138 N.J. Super. 503, 509 (Law Div. 1976); Cancel v. Watson, 131 N.J. Super. 320, 324 (Law Div. 1974); Automobile Insurance Study Commission, "Report on Reparation Reform for New Jersey Motorists," recommendation 4 at xiv (Dec. 1971); "Report of the New Jersey Supreme Court's Committee on Comparative Negligence," April 1967. The Wisconsin Supreme Court has consistently interpreted this statutory language to preclude recovery under these circumstances. Soczka v. Rechner, 73 Wis.2d 157, 242 N.W.2d 910 (Sup. Ct. 1976); Mariuzza v. Kenower, 68 Wis.2d 321, 228 N.W.2d 702 (Sup. Ct. 1975); Gross v. Denow, 61 Wis.2d 40, 212 N.W.2d 2 (Sup. Ct. 1973); Schwenn v. Loraine Hotel Co., 14 Wis.2d 601, 111 N.W.2d 495 (Sup. Ct. 1961); Walker v. Kroger Grocery & Baking Co., 214 Wis. 519, 252 N.W. 721 (Sup. Ct. 1934). Except for Arkansas, all the other state courts confronted with similar statutory language have followed suit by refusing to total the negligence of multiple defendants[2]
Other jurisdictions have achieved the opposite result by a slight variation in statutory wording. Contributory negligence does not bar recovery if such negligence was not greater than: "the combined negligence of the person or persons against whom recovery is sought," Conn. Gen. Stat. Ann., § 52-572h (Cum. Supp. 1976); "the defendant or the combined negligence of multiple defendants," Nev. Rev. *77 Stat., § 41.141(2) (1975), or "the person or party or persons or parties against whom recovery is sought," Tex. Rev. Civ. Stat., art. 2212a (Supp. 1974).
By 1973 the field of comparative negligence was no longer open country. Courts and legislatures throughout the nation had chartered clear paths which led to specific results. New Jersey considered the alternatives over a long period of time prior to selecting its own brand of comparative negligence law. O'Brien v. Bethlehem Steel Corp., supra 59 N.J. at 126-27 (concurring opinion). The chosen package included not only the Wisconsin statute but also that state's judicial interpretations. 2A Sutherland, Statutory Construction (4 ed. 1973), § 52.02 at 329. In absence of some express legislative intent or statutory pronouncement, the words of the statute must be given their simple and ordinary meaning. Service Armament Co. v. Highland, 70 N.J. 550 (1976); Fahey v. Jersey City, 52 N.J. 103 (1968); Hoffman v. Hock, 8 N.J. 397 (1954). Therefore, plaintiff's degree of negligence must be measured against that of each individual defendant.
Finally we turn to the question of joint venture. The jury found that negligent maintenance of the traffic lights was one-half (50%) the cause of the accident. If the negligence of Carlstadt (25%) and East Rutherford (25%) is combined, the sum will exceed that of the plaintiff (45%) and permit recovery against the municipalities. There is case law standing for the proposition that when the negligence of multiple defendants occurs as a result of unitary action, and that negligence is incapable of being apportioned among the culpable parties, the total of defendants' negligence is to be compared with the plaintiff's fault. Kowalske v. Armour & Co., 300 Minn. 301, 220 N.W.2d 268 (Sup. Ct. 1974); Mariuzza v. Kenower, supra; Severson v. City of Beloit, 42 Wis.2d 559, 167 N.W.2d 258 (Sup. Ct. 1969); Reber v. Hanson, 260 Wis. 632, 51 N.W.2d 505 (Sup. Ct. 1952). Here there was no proof of enabling legislation or express contract to support a finding of joint undertaking. *78 An inference of negligence could have been drawn only from actions of the employees of one or both of the municipalities. The jury found both were negligent and apportioned their degrees of fault. This factual determination should not be disturbed by the court.
The verdict will be molded to enter a judgment in favor of all defendants.
NOTES
[1] See Colo. Rev. Stat. Ann. § 13-21-111 (Cum. Supp. 1975); Hawaii Rev. Stat. § 663-31 (Supp. 1973); Idaho Code, § 6-801 (Cum. Supp. 1973); Kan. Stat. Ann., § 60-258a (Cum. Supp. 1974); Me. Rev. Stat. Ann., tit. 14, § 156 (Cum. Supp. 1975); Mass. Gen. Laws. Ann., ch. 231, § 85 (1974); Minn. Stat. Ann., § 604.01 (Cum. Supp. 1976); Mont. Rev. Codes Ann., § 58-607.1 (Cum. Supp. 1975); N.D. Cent. Code, § 9-10-07 (1975); Okla. Stat. Ann., tit. 23, § 11 (Cum. Supp. 1975); Ore. Rev. Stat., § 18.470 (1975); Utah Code Ann., § 78-27-37 (Supp. 1975); Wyo. Stat. Ann., § 1-7.2 (Cum. Supp. 1975).
[2] See Riddell v. Little, 253 Ark. 686, 488 S.W.2d 34 (Sup. Ct. 1972); Walton v. Tull, 234 Ark. 882, 356 S.W.2d 20 (Sup. Ct. 1962). Before Arkansas adopted "modified" comparative negligence, it had operated under a "pure" comparative negligence scheme.