Marian D. REITER and Harold Reiter, Plaintiffs-
Respondents,

v.

Paul DYKEN and Linda Dyken, Defendants-Appellants
and Third-Party Plaintiffs,

Ogden and Company, Inc., Third-Party Defendant-
Respondent.

Supreme Court

*No. 77–398. Argued March 3, 1980.—Decided April 8, 1980.*
(Also reported in 290 N.W.2d 510.)

For the appellants there were briefs and oral argument by *Burton A. Strnad* of Milwaukee.

For the respondents there was a brief by *Clifford C. Kasdorf, Jeffrey A. Schmeckpeper* and *Kasdorf, Dall, Lewis & Swietlik, S.C.*, of Milwaukee, and oral argument by *Clifford C. Kasdorf*.

For Ogden & Company, Inc., there was a brief and oral argument by *Phillip E. Crump* of Milwaukee.

BEILFUSS, C. J.  Plaintiff Marian D. Reiter was injured when she slipped and fell on the rear walkway of a house owned by defendants Paul and Linda Dyken and located in the Village of Shorewood.

At the time of the accident the house was unoccupied. The Dykens had moved out of the state several months earlier and were in the process of selling their former residence.  They entered into a listing contract with third-party defendant Ogden & Company, a local real estate brokerage company, who then in turn listed the

property with Multiple Listing Service of which it was a member.

Multiple Listing Service (M.L.S.) is an organization of real estate brokers which compiles and distributes information on each of the properties listed individually with its members. Member brokers are then permitted to show any of these properties and, if a sale results, to share in the commission with the original listing broker.

The plaintiff, Marian Reiter, was an employee of Edward A. Purtell & Company, also an M.L.S. realtor, and at the time of the accident was in the process of showing the Dyken home to Anders and Madeline Arnheim, who were prospective purchasers. As she was walking with the Arnheims from the garage to the rear door of the home, she slipped on the snow-covered walkway and fell to the ground. She suffered a fractured right ankle and aggravated a pre-existing back injury as a result of the fall.

On July 18, 1975, the plaintiff and her husband commenced this action against Paul Dyken. They subsequently amended their complaint to include Linda Dyken, his wife, as a defendant. The complaint alleged that the defendants were negligent in failing to remove the snow and ice which had accumulated on the walkways of their premises and in failing to warn persons on the premises that a portion of the walkway from the garage to the house sloped slightly, which fact was concealed by the accumulation of snow and ice. The complaint further alleged that such negligence on the part of the defendants was the proximate cause of plaintiff's injuries.

The Dykens as defendants impleaded Ogden & Company, alleging in a third-party complaint that a listing contract between Ogden and the defendants was in full force and effect at the time of the accident, that Ogden knew that defendants' premises was vacant and unoccupied, but that Ogden had failed to take proper pre-

cautions to protect persons invited onto the premises. Defendants demanded judgment for indemnification, or in the alternative, for contribution against Ogden in the event plaintiffs obtained a judgment against them.

Following a trial before a jury, Ogden moved for dismissal on the ground that, as a matter of law, it owed no duty either as to Marian Reiter or the Dykens to remove snow and ice from the back walkway of the premises or to warn persons on the premises of the fact that the walkway sloped. The trial court granted the motion and entered an order to that effect.

The case was then submitted to the jury in the form of a special verdict which included questions as to negligence and cause with respect to the Dykens, Edward A. Purtell & Company and Marian Reiter. Because Purtell & Company was immune from liability under the exclusive remedy provision of the Workers' Compensation Act, questions as to its negligence were submitted for purposes of comparison only.[1]

The jury returned a verdict apportioning the causal negligence as follows: Dykens 30 percent; Edward A. Purtell & Company 20 percent; and Marian Reiter 50 percent. The jury awarded Mrs. Reiter $15,000 for personal injuries to date, $16,000 for future personal disability and $28,500 for loss of earning capacity. Her husband was awarded $1,500 for loss of his wife's services, society and companionship, and medical expenses were fixed by the court at $5,883.

Counsel for the Dykens then moved for judgment dismissing the complaint on its merits on the ground that defendants were not liable because plaintiff's negligence was found to be greater than their own.

[1] Although plaintiffs objected to the trial court's inclusion of Purtell & Company in the verdict for comparison purposes and subsequently moved for a new trial on the ground that consideration of Purtell by the jury was improper, that issue has not been raised on appeal and, therefore, we do not reach it.

Plaintiffs' counsel moved the court to change the answers to Questions 5 and 6 of the verdict relating to Marian Reiter's negligence from "Yes" to "No" or, in the alternative, that a new trial be granted because of the trial court's failure to instruct the jury as to defendants' duty under the safe-place statute and its inclusion of Edward A. Purtell & Company in the verdict.

The trial court denied plaintiffs' motions after verdict, but then, in what the court itself described as "a startling fashion," it granted judgment to the plaintiffs. The trial court arrived at this result by adding together the negligence of both the Dykens and Purtell & Company, and then comparing the total to that of Marian Reiter. It concluded that because her negligence was not greater than the combined negligence of the others, she was entitled to recover. However, the trial court limited plaintiffs' recovery to 30 percent of the total damages, representing that portion of the causal negligence which had been attributed to the Dykens. Judgment was entered accordingly.

The principal issue raised on this appeal is whether the trial court erred in combining the negligence of the Dykens with that of Purtell & Company for purposes of determining whether plaintiffs were entitled to recover. Other issues regarding the duty owed by the defendants to the plaintiff, the trial court's dismissal of Ogden from the action, and the amount of damages awarded are also raised but, because of our determination of the principal issue, need not be addressed.

In support of its decision to compare Mrs. Reiter's negligence with the combined negligence of both the defendants and Purtell & Company in determining whether plaintiffs could recover, the trial court relied upon this court's decision in *Reber v. Hanson,* 260 Wis. 632, 51 N.W.2d 505 (1952). That case established the sole exception to the general rule in this state that the negli-

gence of the parties is to be compared individually for purposes of determining whether liability exists.[2]

Plaintiffs contend that the trial court was correct in combining the negligence of the defendants with that of Mrs. Reiter's employer under the rationale of the *Reber Case,* but that, even if this court concludes that *Reber* does not apply, it should nevertheless affirm the trial court's decision by modifying its long-standing construction of the comparative negligence statute. We turn first to a consideration of *Reber v. Hanson, supra.*

Reber involved a wrongful death action brought by the parents of a child who was killed by a truck making deliveries to their family-owned cheese factory. The family lived in the same building out of which they operated their business. Circling the building was a driveway which was used regularly by truckers making deliveries and picking up goods from the factory. The child who was killed was accustomed to playing in the driveway and had often been seen there by frequenters to the factory. The parents knew their child played in the driveway and asked the truck drivers to look out for him, but did nothing to keep the boy away from the drive when deliveries were being made.

In submitting the case to the jury, the trial court included in the special verdict a question which required that the parents' contributory negligence be considered as a unit rather than individually. The jury returned a verdict finding the truck driver 25 percent and the parents 75 percent causally negligent. Judgment was granted for the defendant and the parents appealed claiming that the trial court had erred in combining their negligence.

This court affirmed the judgment and upheld the form of the comparative negligence question submitted by the

---

[2] *Mariuzza v. Kenower,* 68 Wis.2d 321, 325–26, 228 N.W.2d 702 (1975).

trial court. It based its holding upon the fact that "the duty to protect was joint, the opportunity to protect was equal, and as a matter of law neither the obligation nor the breach of it was divisible." *Reber v. Hanson, supra,* 260 Wis. at 638. Under these circumstances, the court concluded, the trial court was correct in requiring the jury to consider the negligence of the separate parents as a unit.

In the case at hand the trial court held that the *Reber* rationale controlled 'because "the identical act, the failure to shovel the snow was the item of negligent conduct on the part of both the Purtell Company and the Dykens." This fact, in the trial court's opinion, justified comparing plaintiff's negligence with the combined negligence of both the other parties to determine whether recovery should be allowed.

Under *Reber,* however, more is required than identical acts or omissions before the negligence of separate individuals may be combined for comparison purposes in determining liability. In addition, the duty breached and the opportunity to fulfill that duty must be the same, and neither the obligation nor the breach of it may be divisible. Considered in light of these requirements, this was not a proper case in which to apply *Reber.*

The respective duties of the defendants and plaintiffs' employer were different both in nature and degree. The duty owed by the defendants was the common law duty of ordinary care owed by a landowner to anyone who comes upon his property with consent.[3] Whatever duty Purtell & Company owed, on the other hand, arose under the safe-place statute. Instead of ordinary care, an employer's duty under the safe-place statute is to maintain its place of employment in as safe a condition as the na-

---

[3] *Antoniewicz v. Reszcynski,* 70 Wis.2d 836, 857, 236 N.W.2d 1 (1975).

ture of the place reasonably permits.[4] As the trial court properly instructed the jury, these duties are not the same.

Nor are they indivisible. Because an employer's duty under the safe-place statute is greater than that of a landowner at common law, it was certainly conceivable for the jury to have apportioned the entire blame for the unsafe condition of the premises to Purtell & Company. The jury could have found that the Dyken home had been maintained in a sufficiently safe condition under the common-law standard of ordinary care, but that it did not meet the higher standard imposed by the safe-place statute. Unlike the parents' duty to care for and watch over their child which was at issue in *Reber,* the duties of the defendants and plaintiffs' employer in this case to maintain the premises in a safe condition were independent and separable. Thus, the *Reber* exception to the general rule that the negligence of the parties is to be compared individually does not apply.[5]

Even if a proper basis for combining the negligence of the defendants with plaintiff's employer did exist, it would have still been improper for the trial court to have done so after the case had already been tried and submitted to the jury on the assumption that the parties would be compared individually. In *Mariuzza v. Kenower, supra,* the court affirmed the trial court's denial of a request for combining the negligence of the defendants in part because the request was not timely. The request

---

[4] *Presti v. O'Donahue,* 25 Wis.2d 594, 599, 131 N.W.2d 273 (1964).

[5] *See also Schwenn v. Loraine Hotel Co.,* 14 Wis.2d 601, 111 N.W.2d 495 (1961), and *Mariuzza v. Kenower,* 68 Wis.2d 321, 228 N.W.2d 702 (1975), in which the court refused to combine the negligence of defendants for comparison purposes under circumstances almost identical to the case at bar on the grounds that the duty and opportunity to act in those cases were unequal.

was first made on motions after verdict. Plaintiff had made no objection as to the instructions or form of verdict which required the jury to determine whether or not the several duties of the defendants had been separately breached by either or both of them. Under these circumstances, said the court, plaintiff "was not entitled to change his game plan after the verdict was returned and argue a theory of the case different from that contained in the complaint, instructions and form of verdict." *Id.*, 68 Wis.2d at 327.

Similarly in this case, once the case was tried and submitted to the jury on one theory of determining liability, it was improper for the trial court to, on its own intiative, decide the case on another theory.

Having concluded that the trial court's reliance upon *Reber v. Hanson, supra,* was misplaced, we now turn to plaintiffs' contention that this court should change its longstanding construction of the comparative negligence statute.

In 1931 the legislature enacted sec. 331.045 (now sec. 895.045), Stats., as a limitation upon the common law doctrine of contributory negligence. As it now exists, that section reads as follows:

"895.045 **Contributory negligence.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

Since its enactment, the court has consistently construed this statute as requiring a comparison of the plaintiff's negligence with that of each individual defendant in order to determine whether a plaintiff is entitled

to recover. Recovery has been allowed only where the plaintiff's own negligence was found to be less than or, since 1971, equal to that of the person from whom recovery was sought.[6]

In *Schwenn v. Loraine Hotel Co.*, 14 Wis.2d 601, 111 N.W.2d 495 (1961), the court expressly stated that this construction was based upon the legislature's intent in enacting sec. 895.045, Stats. To construe the statute as calling for a comparison between the plaintiff's negligence and that of the others combined, said the court, would permit a plaintiff to recover from a defendant less negligent than himself. "We cannot believe that the legislature intended such a result." *Id.*, 14 Wis.2d at 610.[7]

Subsequent cases have affirmed *Schwenn's* holding that sec. 895.045, Stats., provides for the individual comparison of the plaintiff's negligence with that of each defendant to determine if the plaintiff is entitled to recover. *Soczka v. Rechner*, 73 Wis.2d 157, 164, 242 N.W.2d 910 (1976) ; *Mariuzza v. Kenower, supra.*

Having authoritatively construed a statute, well-established principles of judicial decision-making require that the chosen construction be maintained unless and until the legislature either amends or repeals the statute. As the court stated in *Zimmerman v. Wisconsin Electric*

---

[6] *See Walker v. Kroger Grocery & Baking Co.*, 214 Wis. 519, 536, 252 N.W. 721 (1934). In 1971, sec. 895.045, Stats., was amended to permit recovery where the plaintiff's negligence was equal to, as well as less than, that of the person from whom recovery was sought. Prior to that time recovery was denied when the parties were equally at fault. Laws of 1971, ch. 47.

[7] This construction of the statute is supported by two law review articles, one by the author of the Wisconsin law, which were written contemporaneously with its enactment. *See* Padway, *Comparative Negligence*, 16 Marquette L. Rev. 3 (1931), and Campbell, *Wisconsin's Comparative Negligence Law*, 7 Wis. L. Rev. 222 (1932).

*Power Co.,* 38 Wis.2d 626, 633–34, 157 N.W.2d 648 (1968):

". . . Where a law passed by the legislature has been construed by the courts, legislative acquiescence in or refusal to pass a measure that would defeat the courts' construction is not an equivocal act. The legislature is presumed to know that in absence of its changing the law, the construction put upon it by the courts will remain unchanged; for the principle of the courts' decision—legislative intent—is a historical fact and, hence, unchanging. Thus, when the legislature acquiesces or refuses to change the law, it has acknowledged that the courts' interpretation of legislative intent is correct. This being so, however, the courts are henceforth constrained not to alter their construction; having correctly determined legislative intent, they have fulfilled their function."

Although the presumption of legislative adoption or ratification of a judicial construction of a statute is entitled to less weight when the court's construction is followed by nearly complete inaction on the part of the legislature with respect to the statute construed,[8] this rule does not apply here. The legislature has taken action with respect to sec. 895.045, Stats., as recently as 1971 when it amended that section to permit recovery when the plaintiffs' negligence is found to be equal to that of the person from whom recovery is sought. If the legislature was in disagreement with the court's longstanding interpretation of the comparative negligence law as requiring an individual comparison in order to determine liability, it would have been a simple matter to correct the court's interpretation by adding a few words to the statute.[9] Its failure to do so strengthens the presump-

[8] *Green Bay Packaging, Inc. v. ILHR Dept.,* 72 Wis.2d 26, 35, 240 N.W.2d 422 (1976).

[9] The change to a combined comparison approach in which the plaintiff's negligence would be compared with that of all of the

tion that normally attends legislative acquiescence in the judicial construction of a statute. The original construction should stand.

However, this does not end the inquiry. The fact that the legislature, in enacting sec. 895.045, Stats., limited the application of the common-law doctrine of contributory negligence to those cases in which the plaintiff was more at fault than each individual defendant in causing his own injuries does not mean that this court may not further limit that doctrine.

Contributory negligence is a common-law doctrine which was adopted by this court in *Chamberlain v. Milwaukee & Mississippi Railroad Co.*, 7 Wis. 367, 374 (*425, *431) (1858), and *Dressler v. Davis*, 7 Wis. 449, 452 (*527, *531) (1858). As such it is subject to modification or complete abrogation by the court within the limits set by the legislature. *Holytz v. Milwaukee*, 17 Wis.2d 26, 39, 115 N.W.2d 618 (1962).

Obviously, in view of the legislature's enactment of sec. 895.045, Stats., this court is completely without authority to reinstate the contributory negligence bar to recovery in cases in which the plaintiff is less negligent than the defendant. To do so would be directly contrary to the clear language of the statute. But that is not what is at issue here.

Permitting recovery where the plaintiff's negligence is less than or equal to the combined negligence of all of those whose conduct contributed to the injury would not extend the bar of contributory negligence beyond the limitation contained in sec. 895.045, Stats., but instead would limit it further than sec. 895.045 requires. Thus, the question presented is not whether the court has the

defendants could have been accomplished simply by substituting the words "person or persons against whom recovery is sought," in place of the phrase "person against whom recovery is sought."

power to extend the defense of contributory negligence beyond the limitation placed upon it by the legislature, but whether it may limit the application of that doctrine further than the legislature has required.

We believe it can.

Both the language and history of sec. 895.045, Stats., indicate an intent on the part of the legislature merely to lessen the harshness of the court-made rule that a plaintiff's negligence in causing his own injury would totally bar his recovery from another, no matter how minor his own negligence was in proportion to that of the person from whom recovery was sought. In enacting sec. 895.-045 the legislature did not create a bar to recovery; it only limited one that the courts had created years earlier. Thus, to the extent that the doctrine of contributory negligence still exists in this state, it is entirely of judicial origin and therefore subject to the inherent power of this court to reconsider matters of its own making.[10]

However, despite our conclusion that this court does have the authority to effectuate the change in our comparative negligence system that plaintiff has requested, we decline to do so. A majority of the court is of the opinion that this change, like the change to a pure comparative negligence system contemplated in *Vincent v. Pabst Brewing Co.*, 47 Wis.2d 120, 177 N.W.2d 513 (1970), would be better left to the legislature.

In taking this position, we are not unaware of the language contained in the recent case of *May v. Skelley Oil Co.*, 83 Wis.2d 30, 38–39, 264 N.W.2d 574 (1978),

---

[10] This view was expressed by a majority of the court in the concurring and dissenting opinions to *Vincent v. Pabst Brewing Co.*, 47 Wis.2d 120, 177 N.W.2d 513 (1970), where the court considered completely abrogating the doctrine of contributory negligence and thereby moving to a system of pure comparative negligence. *See also Lupie v. Hartzheim*, 54 Wis.2d 415, 195 N.W.2d 461 (1972).

which indicated that a majority of the court was then willing to make the change in our comparative negligence law now being contemplated. However, because one of the defendants in that case was dismissed, the issue of whether their negligence should have been combined for purposes of determining whether the plaintiff was entitled to recover was rendered moot and the court's statements regarding that issue were reduced to mere dicta. We do not feel bound by such dicta and upon closer and more careful consideration of the issue have decided not to follow it.

To change from the present rule to one in which a plaintiff would be allowed to recover against a person less negligent than himself would have significant ramifications throughout the tort system of allocating losses as it now exists in this state.[11] Specifically, such a change would raise important questions about the extent of a less negligent defendant's liability and the operation of the rules of joint and several liability, contribution, set-off and release. Indeed, unless accompanying changes are made in these related areas of law, the change requested by plaintiff may very well create far more serious problems than it is intended to resolve. For this reason we think plaintiffs' request would be better addressed to the legislature.

That body is better equipped to consider the change advocated by plaintiff together with the corresponding changes in other areas of the law that would be necessary to insure a fair and even system of apportioning liability for negligently caused injuries. It is more capable of fashioning and implementing the kind of comprehensive solution that the multiple tortfeasor situation requires.

[11] *See Comment, Change of the Wisconsin Comparative Negligence Statute in Multi-Defendant Suits; May v. Skelley Oil Co.,* 62 Marquette L. Rev. 227, 233, (1978).

Finally, we also note in this vein that a bill which, if enacted, would make the exact change in sec. 895.045, Stats., that plaintiff has asked this court to make, is presently pending before the legislature. We believe it would be inappropriate for this court to exercise its inherent power to effectuate a change in the law that is presently being considered by the legislature.

We therefore decline to do so.

*By the Court.*—Judgment reversed with directions to dismiss the complaint.

SHIRLEY S. ABRAHAMSON, J. (*dissenting*). It's a long, long time from *May* to *Reiter*, and the majority has dwindled to two. For the reasons set forth in *May v. Skelley Oil Co.*, 83 Wis.2d 30, 38, 264 N.W.2d 574 (1978), and in the dissenting opinion in *Gross v. Midwest Speedways, Inc.*, 81 Wis.2d 129, 146–148, 260 N.W. 2d 36 (1977) (Abrahamson, J. dissenting), I would compare the negligence of the plaintiff with the combined negligence of all the other persons whose negligence is causal to determine whether the plaintiff can recover.

I am authorized to state that Justice Roland B. Day joins in this dissent.