GERALD GRACI *vs.* ROBERT G. DAMON & others. December 15, 1978. We granted further appellate review on the application of the defendant Damon. The issue raised by Damon is whether "the negligence of the plaintiff should be compared with that of each individual defendant rather than making a comparison between the negligence of the plaintiff and the negligence of all defendants combined" in applying the comparative negligence statute as it appeared in G. L. c. 231, § 85, as appearing in St. 1969, c. 761. The Appeals Court concluded that the negligence of a plaintiff is to be compared with the total negligence of all the defendants. We agree with the reasoning and the result reached by the Appeals Court. See *Graci* v. *Damon*, 6 Mass. App. Ct. 160, 167-171 (1978).

*Judgments of the Superior*
*Court Department affirmed.*

*Edward W. Waystack* for Robert G. Damon.
*Marcus E. Cohn* for Gerald P. Graci.
*Joseph M. Cohen* for Maynard M. Lind.
*John Arthur Johnson, Jr.*, for Charles R. McCauley, Jr., trustee, submitted a brief.

COMMONWEALTH *vs.* BRENDA MALONE. December 29, 1978. As in *Commonwealth* v. *Vitello, ante* 426 (1978), the defendant in this case excepted to the admission of polygraph evidence as part of the Commonwealth's case in chief. As in that case, therefore, we order a new trial. As an afterthought, the Commonwealth contends that the *Vitello* decision should be limited to prospective application, but we impose no such limitation. Also as an afterthought, the Commonwealth contends that the error was harmless, but we are not convinced beyond a reasonable doubt.

*Judgments of the Superior Court*
*Department reversed.*

*Verdicts set aside.*

*Priscilla Labovitz (Philip Weinberg* with her) for the defendant.
*Stephen M. Needle*, Assistant District Attorney, for the Commonwealth.