RANDOLPH W. T. WONG, Administrator of the Estate of WESLEY WAI LEONG WONG, Deceased; RICHARD J. H. WONG and ELSIE K. A. WONG, individually, Plaintiffs-Appellees, *v.* HAWAIIAN SCENIC TOURS, LTD., a Hawaii corporation, doing business as KANEOHE SCHOOL BUS SERVICE, and JOHN DOES, DOE PARTNERSHIPS and DOE CORPORATIONS I through X, Defendants, and CITY AND COUNTY OF HONOLULU, Defendant-Appellant

NO. 7047

(CIVIL NO. 48384)

MARCH 24, 1982

RICHARDSON, C.J., NAKAMURA, J., RETIRED JUSTICE MARUMOTO IN PLACE OF LUM, J., DISQUALIFIED, AND RETIRED JUSTICES OGATA AND MENOR ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* The question presented for decision is whether the circuit court erred in applying our comparative negligence law, HRS § 663-31, as it read on May 2, 1975 when Wesley Wai Leong Wong was struck and fatally injured by a school bus owned by Defendant Hawaiian Scenic Tours, Ltd. (Hawaiian Scenic), a joint tort-feasor with Defendant-appellant City and County of Honolulu (the City).[1] We conclude the court below was correct in permitting recovery against the City, despite findings by the trial jury that Wesley Wai Leong Wong's negligence was a causative factor in the fatal mishap and his share of the fault exceeded the City's. For in the aggregate,

---

[1] On May 2, 1975 HRS § 663-31, since amended, provided as follows:

Contributory negligence no bar; comparative negligence; findings of fact and special verdicts. (a) Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.

(b) In any action to which subsection (a) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:

(1) The amount of the damages which would have been recoverable if there had been no contributory negligence; and

(2) The degree of negligence of each party, expressed as a percentage.

(c) Upon the making of the findings of fact or the return of a special verdict, as is contemplated by subsection (b) above, the court shall reduce the amount of the award in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made, provided, however, that if the said proportion is equal to or greater than the negligence of the person against whom recovery is sought, then, in such event, the court will enter a judgment for the defendant.

the negligence of the City and Hawaiian Scenic was greater than that of the decedent.

## I.

The wrongful death action brought by Randolph W. T. Wong as administrator of the decedent's estate and by Richard J. H. Wong and Elsie K. A. Wong on behalf of themselves as parents of the decedent averred that the negligent operation of the school bus and the City's faulty adjustment and utilization of a traffic control device were responsible for Wesley Wai Leong Wong's death. The putative joint tort-feasors denied allegations of wrongdoing on their part and alleged the decedent's own negligence led to his death. The City further averred that if other negligent conduct was implicated, the bus company's negligence was the active and primary cause of the fatal accident. Plaintiffs-appellees, however, settled their claims against Hawaiian Scenic and proceeded to trial against the City alone.

At the close of trial before a jury, a special verdict premised on interrogatories propounded by the court was returned. The jury, *inter alia*, found the fatal event was brought on by the combined fault of the City, Hawaiian Scenic, and the decedent. It further ascribed six percent of the culpable negligence to the City, eighty percent to Hawaiian Scenic, and fourteen percent to the decedent. And its evaluation of the total damages accruing to plaintiffs-appellees amounted to $260,800, of which $100,000 was allocated to the decedent's estate and $160,800 to his parents. The City's post-trial efforts to have judgment entered in its favor despite the jury's verdict were overruled, and a judgment reflecting the foregoing findings was entered by the circuit court.

The City's principal thesis on appeal is that the clear, plain, and unambiguous provisions of the pertinent statute precluded the entry of judgment against a tort-feasor whose negligence was not as great as that of the decedent.

## II.

A legislative perception of unfairness in the common law doctrine of contributory negligence led to the passage of our modified

comparative negligence statute in 1969.[2] Although the measure served to ameliorate the harshness of an aspect of the common law by permitting the recovery of tort damages by a plaintiff whose negligence was not as great as the defendant's, it did not deal specifically with a significant problem — how comparison of negligence should be effected in a situation where there were multiple defendants, each responsible in part for the injury.[3] The City urges us to follow the judicially adopted Wisconsin rule and compare the decedent's negligence with that of each defendant on an individual basis.[4] Plaintiffs-appellees argue we should measure the decedent's negligence against the aggregate negligence of the defendants as the courts of Arkansas and Massachusetts have done.[5]

The City maintains our comparative negligence statute was derived from Wisconsin and we are thus obliged to follow the prior construction of the pertinent language by its highest court. We are reminded "[i]t is elementary that the adoption by the . . . legislature . . . of a statute of another jurisdiction carries with it the judicial interpretation of the statute by that jurisdiction. *(Territory v. Ota,* 36 Haw. 80; *Carter v. Gear,* 16 Haw. 242, *aff'd* 197 U.S. 348.)" *In re Sawyer,* 41 Haw. 270, 273 (1956). We do not doubt the pioneering

---

[2] The relevant legislative measure was S.L.H. 1969, c. 227. A committee report accompanying H. B. No. 857, which was enacted into law as Act 227, stated in part:

The purpose of this bill is to replace the common law doctrine of contributory negligence with a comparative negligence statute.

The courts in this jurisdiction presently apply the rule of contributory negligence which bars recovery by the injured party if it is shown that he, to any degree, contributed to his injuries. Such a rule seems to be unfair and in opposition to the average person's concept of justice.

Hse. Stand. Comm. Rep. No. 397, in 1969 House Journal, at 778. *See also* Sen. Stand. Comm. Rep. No. 849, in 1969 Senate Journal, at 1194.

[3] This problem, however, has been resolved for causes of action accruing after the effective date of S.L.H. 1976, c. 161, since HRS § 663-31 now expressly allows recovery where the negligence of the injured person was not greater than the aggregate negligence of the persons against whom recovery is sought.

[4] *See* Schwenn v. Loraine Hotel Co., 14 Wis.2d 601, 111 N.W.2d 495 (1961); Walker v. Kroger Grocery and Baking Co., 214 Wis. 519, 252 N.W. 721 (1934).

[5] *See Riddell v. Little,* 253 Ark. 686, 488 S.W.2d 34 (1972); *Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20 (1962); *Graci v. Damon,* 6 Mass. App. Ct. 160, 374 N.E.2d 311, *aff'd,* 376 Mass. 931, 383 N.E.2d 842 (1978).

Wisconsin legislation served as the prototype for the Hawaii law;[6] nor do we denigrate the value of the foregoing canon of statutory construction in an appropriate setting. Still, we cannot accept the interpretation of the Wisconsin law inasmuch as there are clear indications that our legislature adopted the statutory language but not the judicial gloss.[7]

The legislative modification of the doctrine of contributory negligence in 1969 sought to temper a phase of the common law deemed inconsistent with contemporary notions of fairness. Its purpose was to allow one partly at fault in an accident resulting in injury to be recompensed for the damages attributable to the fault of another if the former's negligence was not the primary cause of the accident. But the Wisconsin statute as interpreted by the highest court of that state effectively forecloses a plaintiff's recovery of the full measure of damages ascribable to the negligence of others in some situations where his negligence is not the major causative factor.[8] Hence, the judicial treatment of the Wisconsin statute is "not in harmony with

---

[6] 1931 Wis. Laws ch. 242 read as follows:

Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished by the jury in the proportion to the amount of negligence attributable to the person recovering.

[7] Karl Llewellyn teaches us that "there are two opposing canons on almost every point." K. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to be Construed,* 3 Vand. L. Rev. 395, 401 (1950). His phrasing of the canon the City cites is:

Where a foreign statute which has received construction has been adopted, previous construction is adopted too.

*Id.* at 402. For which there is an equally valid opposing canon to this effect:

It may be rejected where there is conflict with the obvious meaning of the statute or where the foreign decisions are unsatisfactory in reasoning or where the foreign interpretation is not in harmony with the spirit or policy of the laws of the adopting state.

*Id.*

[8] *See* V. Schwartz, *Comparative Negligence* § 3.5(C) (1974), for a discussion of how the Wisconsin rule operates to diminish the damages recoverable by a plaintiff whose negligence is far less than the combined negligence of several defendants but greater than the individual negligence of one or more defendants.

the spirit or policy of the laws" of Hawaii, and we reject it as a guide to interpretation. *See* note 7 *supra.* Moreover, we note that serious misgivings about the relevant construction have been registered by the Wisconsin court itself.[9]

We believe this is an appropriate occasion for the application of HRS § 1-17, which provides *inter alia,* that words appearing in a statute "in the singular or plural number signify both the singular and plural number."[10] We thus construe the phrase "the negligence of the person against whom recovery is sought" to mean "the negligence of the persons against whom recovery is sought."

Affirmed.

*Arthur Ripley, Jr. (Edmund L. Lee, Jr.,* on the briefs), Deputies Corporation Counsel, for defendant-appellant.

*Paul E. DiBianco (Darwin L. D. Ching* with him on the brief; *Paul E. DiBianco,* Attorney-at-Law, A Law Corporation, of counsel) for plaintiffs-appellees.

---

[9] In May v. Skelley Oil Co., 83 Wis.2d 30, 264 N.W.2d 574 (1978), the court recorded a dissatisfaction with its own interpretation in these terms:

> This case is one of many cases which have come before this court involving multiple party tortfeasors. May urges the court to re-examine its interpretation of the comparative negligence statute. The majority of the court has become convinced that comparing the negligence of the individual plaintiff to that of each individual tortfeasor — rather than comparing the negligence of the individual plaintiff to that of the combined negligence of the several tortfeasors who have collectively contributed to plaintiff's injuries — leads to harsh and unfair results; the majority has further concluded that this rule of comparative negligence, a court-made doctrine, can be changed by court decision. However, in view of our holding that Indian Head is not negligent, the majority does not believe that the case at bar is the appropriate one in which to structure a change in the rule of comparative negligence in cases involving multiple defendants.

83 Wis. 2d at 38-39, 264 N.W.2d at 578. But several members of the majority subsequently recanted, and a rule that "leads to harsh and unfair results" remains in effect. *See* Reiter v. Dyken, 95 Wis.2d 461, 290 N.W.2d 510 (1980); Wisconsin Natural Gas Co. v. Ford, Bacon & Davis Constr. Corp., 96 Wis.2d 314, 291 N.W.2d 825 (1980).

[10] HRS § 1-17, which has been part of our jurisprudence since 1869, states the following rule of statutory construction:

> Number and gender. Words in the masculine gender signify both the masculine and feminine gender, those in the singular or plural number signify both the singular and plural number, and words importing adults include youths or children.