No. 86-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

KATHIE NORTH, as Personal Representa-
tive of the Estate of TERRANCE J. NORTH,
and as Guardian Ad Litem for SUSAN A.
NORTH, a minor,

    Plaintiff and Respondent,

 -vs-

GARY BUNDAY, d/b/a BUNDAY TRUCKING;
and THE STATE OF MONTANA,

   Defendants and Petitioners.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

  For Petitioners:

    Allen B. Chronister argued, Agency Legal Services
    Bureau, Helena, Montana
    Gregory Morgan argued, Bozeman, Montana
    Robert Planalp argued, Bozeman, Montana

  For Respondent:

    Monte Beck argued, Bozeman, Montana
    Terry Trieweiler argued, Whitefish, Montana

        Submitted: January 6, 1987
         Decided: March 31, 1987

Filed: MAR 31 1987

*Ethel M. Harrison*
      Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In this special proceedings originating in this Court, we are called upon to decide whether the District Court is correct in holding that, although plaintiff's percentage of causal negligence in a tort action exceeded the percentage of causal negligence assigned individually to each of two concurrent tortfeasor defendants, the plaintiff may nevertheless recover a diminished proportion of his damages from the concurrent tortfeasors because their combined percentages of causal negligence exceeded that of the plaintiff.

We hold that the District Court was correct and we adopt the rule that under our comparative negligence statutes and cases the percentage of negligence of the plaintiff is to be compared to the combined percentages of causal negligence of concurrent tortfeasors where recovery is sought against multiple defendants.

Two issues have developed in this cause:

1. What is the legal effect under § 27-1-702, MCA, of a civil jury verdict in a bifurcated trial on negligence only, apportioning 45% of the negligence to the plaintiff, 40% to the defendant Bunday Trucking and 15% to the defendant State?

2. In the event that this Court adopts the theory of combined negligence of concurrent tortfeasor defendants, should this cause be remanded to the District Court to reapportion fault under proper instructions?

The underlying case was tried in the Eighteenth Judicial District, Gallatin County. The plaintiff, Kathie North, in her representative capacities, sued Gary Bunday and the State of Montana for damages arising out of the death of Terrance

J. North.  On the night of August 2, 1983, Terry North was driving a pickup and a motorcycle trailer down U.S. Highway 10, east of Bozeman.  Highway 10 is a frontage road with a dead end.  There was no "dead end" sign or other warning placed prior to the roadway's end.  Defendant Bunday Trucking had parked two unloaded semi-trailers at the end of the roadway and on the State's right-of-way.  The trailers were parked directly in front of and partially blocking the only sign indicating the road's closure.  North apparently saw the trailers, applied his brakes and slid his pickup under one of the trailers.  He was killed in the collision.  Later, readings of blood samples taken from Terry's body indicated a high blood-alcohol content.

Plaintiff is decedent's ex-wife, suing on behalf of the estate and his daughter.  The plaintiff argued that Bunday was negligent in the placement of the trailers on the roadway and that the State of Montana was negligent in failing to adequately warn of the dead-end road.  The defendants argued that decedent's extreme intoxication was the sole cause of the accident.

The parties agreed that the issues in the District Court would be bifurcated, the first jury to determine the percentages of negligence, if any, of the parties in causing the accident, and a later trial to determine damages, if a damages trial was necessary.

The jury returned a special verdict in which, in separate interrogatories, it answered that each of the defendants and the decedent Terry North were negligent, and that the negligence of each was a legal cause of the accident.  It fixed the percentages of such negligence at 40% for defendant Gary Bunday, 15% for defendant State of Montana, and 45% for the plaintiff's decedent Terry North. The total, of course, is 100%.

Following the verdict on special interrogatories, the District Court entered an order requiring that counsel for each party prepare memoranda regarding their contentions as to the effect of the verdict, and their authorities in support. After considering the memoranda and contentions, the District Court judge entered an order on September 9, 1986 to the effect that "the court adopts the combined negligence rule of the defendants exceeding that of the plaintiff and the plaintiff is therefore entitled to damages reduced by 45% attributable to plaintiff's negligence."

Thereupon, the State of Montana made application to this Court for a writ of supervisory control directing the District Court to modify its order of September 9, 1986. The State requested that the plaintiff be barred from recovering against the State because the negligence of the decedent exceeded the negligence of the State and of each individual defendant. The State contended that no further trial was necessary as to damages. The defendant Gary Bunday joined in the State's application with permission from this Court.

I.

The statute which bears most directly on the problem is § 27-1-702, MCA, which we set forth here:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering. (Emphasis added.)

The proponents of the individual comparison rule contend that § 27-1-702 is not ambiguous, requiring comparison of the plaintiff's negligence "with the person" against whom recovery is sought. They further contend that we predicted

- 4 -

the individual comparison rule in _dictum_ in Cordier v. Stetson-Ross (1979), 184 Mont. 502, 604 P.2d 86. They further argue that because our comparative negligence statute was adopted from Wisconsin that the interpretation of the statute by the highest judicial authority in Wisconsin was also adopted by us.

The plaintiff, as proponent for the combined comparison rule, contends that the words "the person" in § 27-1-702 must be interpreted in accordance with § 1-2-105, MCA; that the policy of the state, and fairness, require interpretation of § 27-1-702 under the combined comparison rule; and that the majority of states considering the issue have adopted the combined comparison rule.

The District Court saw the issue as one involving nothing but fairness. In weighing the pros and cons of the interpretation of the statute, the District Court determined that the most fair result would be to adopt the combined negligence rule. It did so, although it also foresaw that sometimes inequities would result. The District Court said:

> In reaching its conclusion, the court feels bound by nothing beyond the question of fairness. But even with fairness as the only criterion, one can always conjure up some obscure set of facts which will appear to treat a mythical plaintiff or defendant less fairly than others. Unfortunately, the nature of the beast is such that this will inevitably happen.
>
> . . .
>
> The defendants further argued that past legislative inaction demands the _status quo_. The Court cannot agree. It is true that the legislature has refrained from clarifying the existing language, but it may also be true that the legislators believed an amendment was unnecessary. Who knows what is in the minds of one hundred fifty (150) legislators when the result is no action?

The 1975 adoption by the legislature of the comparative negligence statute, § 27-1-702, MCA, was a legislative modification of the harsh common law rule in effect in Montana before that time that contributory negligence in the slightest degree barred a plaintiff from recovering for his injuries from any tortfeasor, joint or several. Sztaba v. Great Northern Railway Company (1966), 147 Mont. 185, 411 P.2d 379. The comparative negligence statute appears to be identical to that of Wisconsin on the same subject. Wis. Stat. Ann. § 895.045.

The petitioners contend that the language "the negligence of the person against whom recovery is sought," found in the statute, is unambiguous, and commands individual comparison. A similar argument was made in Colorado and rejected by its Supreme Court in Mountain Mobil Mix, Inc. v. Gifford (Colo. 1983), 660 P.2d 883. There the Colorado Supreme Court said:

> The controversy in this appeal arises from the language in the statute which purports to limit recovery if plaintiffs "negligence was not as great as the negligence of the <u>person</u> against whom recovery is sought." (Emphasis added.) The respondents argue that the plain language of the statute dictates that plaintiff's negligence should be compared against each defendant's negligence. In our view, the issue cannot be resolved by a mechanical and narrow reading of the statute. (Citing authority.)
>
> In addition to the previously mentioned canons of statutory construction which the General Assembly has codified, it has directed us that the use of a singular in a statute also includes the plural. (Citing authority.) The respondents would have us ignore rules for statutory interpretation when there is no indication that the comparative negligence statute was intended to embody an individual comparison rule. If the General Assembly truly intended the phrase "the person" to exclude the plural, then it could have

> unambiguously provided for that result by using the
> phrase "each individual person." (Citing
> authority.) Even though the General Assembly's
> wording is imprecise, we do not believe that a
> strict parsing of the statutory language compels an
> individual comparison rule. (Citing authority.)
> We must therefore construe the statute in light of
> its intended purpose.

660 P.2d 885, 886.

Montana has a like provision on the matter of statutory interpretation. Section 1-2-105, MCA, provides: "The following rules apply in this code: . . . (3) The singular includes the plural and the plural the singular."

In like manner, the State of Utah, in Jensen v. Intermountain Health Care, Inc. (Utah 1984), 679 P.2d 903, 908, utilized a statute similar to our § 1-2-105, MCA, to determine that "person" in the comparative negligence statute should include "persons:"

> Furthermore, it should be noted that the language
> of section 1, as such, is not necessarily
> inconsistent with the unit rule. That section only
> refers to a plaintiff's negligence not being "as
> great as the negligence or gross negligence of the
> person against whom recovery is sought . . ."
> (Emphasis added.) The statutory language is not
> the "negligence of any person against whom recovery
> is sought"; rather the language used was intended
> to mean "the person or persons" so as to include
> both single-defendant and multi-defendant cases.
> That construction is suggested by the text and is
> in full harmony with UCA 1953, § 68-3-12, which
> provide rules for the construction of Utah
> statutes. Subparagraph (6) states, "The singular
> number includes the plural and the plural the
> singular . . ."

679 P.2d at 908.

Wyoming and Idaho on the other hand have refused to interpret the word "person" as including the plural. See Board of Commissioners v. Ridenour (Wyo. 1981), 623 P.2d 1174; Odenwalt v. Zaring (Idaho 1980), 624 P.2d 383.

- 7 -

The petitioners, however, contend that where the language of the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe. Keller v. Smith (1976), 170 Mont. 399, 553 P.2d 1002. They further cite State ex rel. Swart v. Casne (1977), 172 Mont. 302, 564 P.2d 983, to the effect that the rules of statutory construction which apply to cases involving conflicting or ambiguous provisions of a statute have no application where the language of the statute is clear and ambiguous. Yet the respected authority of the Supreme Courts of Colorado and Utah construing an identical provision is persuasive authority. To these may be added the Supreme Court of Hawaii, holding similarly on an identical provision in Wong v. Hawaiian Scenic Tours, Ltd. (Hawaii 1982), 642 P.2d 930; and of Arkansas, Walton v. Tull (Ark. 1962), 356 S.W.2d 20.

The Supreme Court of Wisconsin, the state from which it is contended that our § 27-1-702, MCA, was adopted (respondent disputes this point), determined by judicial enactment that the language of the statute required the application of the unit or individual comparison rule. Schwenn v. Loraine Hotel Company (Wis. 1961), 111 N.W.2d 495; Walker v. Kroger Grocery and Baking Company (1934), 252 N.W. 721. Yet in 1978, in May v. Skelly Oil Company (1978), 264 N.W.2d 574, the Wisconsin Court seemed dissatisfied with its own interpretation:

> This case is one of many cases which have come before this court involving multiple party tortfeasors. May urges the court to re-examine its interpretation of the comparative negligence statute. The majority of the court has become convinced that comparing the negligence of the individual plaintiff to that of each individual tortfeasor--rather than comparing the negligence of the individual plaintiff to that of the combined negligence of the several tortfeasors who have

> collectively contributed to plaintiff's injuries--leads to harsh and unfair results; the majority has further concluded that this rule of comparative negligence, a court-made doctrine, can be changed by court decision. However, in view of our holding that Indian Head is not negligent, the majority does not believe that the case at bar is the appropriate one in which to structure a change in the rule of comparative negligence in cases involving multiple defendants.

264 N.W.2d at 578.

Later, as the Hawaiian court noted in Wong, 642 P.2d at 933 (fn 9), several members of the Wisconsin majority recanted, and the rule that "leads to harsh and unfair results" remains in effect. See Reiter v. Dyken (Wis. 1980), 290 N.W.2d 510; Wisconsin Natural Gas Company v. Ford, Bacon and Davis Construction Corporation (Wis. 1980), 291 N.W.2d 825. The Wisconsin Supreme Court decided that the change to "combined comparison" should be left to the legislature which over the years had tacitly assented to judicial interpretation of the comparative negligence statute.

This Court has expressed the rule that when our legislature borrows a statute from another state it borrows the construction placed upon it by the courts of that other state. Dunham v. Southside National Bank (1976), 169 Mont. 466, 548 P.2d 1383. However, while this Court will consider the home court construction placed on the borrowed statute, such construction is not binding on this Court. State ex rel. Mankin v. Wilson (1977), 174 Mont. 195, 569 P.2d 922.

In Wong, the Hawaii Supreme Court noted that the interpretation of a borrowed statute by the court of the statute's home state may be rejected when there is a conflict with the obvious meaning of the statute, or where foreign decisions are unsatisfactory in reasoning, or where the foreign interpretation is not in harmony with the spirit or

policy of the laws of the adopting state. The Supreme Court of Utah, in Mountain Mobil Mix, Inc. v. Gifford, supra, also refused to follow the Wisconsin interpretation, citing fairness and the policy of the Utah legislature in adopting comparative negligence. 660 P.2d at 888, 889.

We have already stated that one of the purposes of our legislature in adopting the comparative negligence statute was to abate the harshness of the common law rule on contributory negligence as preventing any recovery for a plaintiff, and apportioning responsibility in accordance with fault.

Out of the Montana statutes, one may distill a statutory scheme and policy regarding the civil liability of negligent persons. First, everyone is responsible for injury occasioned to another by his want of ordinary care in the management of his property or person. Section 27-1-701, MCA. This statutory language surely includes the 15% negligent State for "everyone" brooks no exception absent state immunity. Being "responsible" means being liable for damages (if the statutes allow) when one's negligence injures another.

The responsibility of "everyone" negligent for injuries to another has an exception in § 27-1-701 ". . . so far as the [injured person] has willfully or by want of ordinary care brought the injury upon himself." Here, the 45% negligent plaintiff's decedent must share the blame, but only "so far" as he was himself at fault. The plaintiff's proportion in this case cannot exceed 45% of the damages. Any interpretation of the comparative negligence statute which increases plaintiff's proportion beyond 45% offends § 27-1-701.

Second, the State in this case is, under the present status of the proceedings, responsible for 15% of any damages

- 10 -

judgment the jury in this case might later find.  Since the State's negligence constitutes 15% as a proximate or legal cause of plaintiff's injuries, it cannot complain on the ground of unfairness if it is required to pay damages to the proportionate extent of its fault.

In the recent case of State ex rel. Deere & Company and Robert L. Campbell v. District Court (Decided December 19, 1986), ___ P.2d ___, 43 St.Rep. 2270, we interpreted the clause "the person against whom recovery is sought," contained in § 27-1-702, as meaning those defendants who remain in the lawsuit, and not other possible tortfeasors who may have settled with the plaintiff before judgment was entered in the lawsuit.  There are any number of other possible defendants who might be named in a lawsuit, but because of operation of law are immune from judgment, and thus not persons against whom recovery may be sought.  Such possible defendants easily include government officials given immunity for their acts, and employers who are insulated by the exclusivity of the Workers' Compensation law.  Section 39-71-411, MCA.

Petitioners have brought to our attention the _dictum_ of this Court in Cordier v. Stetson-Ross (1979), 184 Mont. 502, 520, 604 P.2d 86, 96, where we said:

> . . . in Montana, under section 58-607.1, R.C.M. 1947, now 27-1-702, MCA (we have not specifically held this yet) it appears that the ten percent negligent defendant would not be liable for any amount to the plaintiff.

Counsel, however, recognize that the statement was expressly _dictum_.  We inserted the clause "we have not specifically held this yet" as a flag that this subject was open to further discussion.

The question here has been long in coming to this Court considering that the comparative negligence statute in

Montana was adopted in 1975. A great number of other states have passed upon the question. The latest is Elder v. Orluck (Pa. 1986), 515 A.2d 517. The court there engaged in an extensive discussion of the handling of this question by courts in the several states and itself reached the conclusion that it would support the combined negligence rule. Pennsylvania, however, has a statute somewhat different from ours, as do several others of the states that have reached the same conclusion. For that reason we have not extensively discussed those cases in this decision, although it may be said that because of statutes or judicial interpretation, the majority of states do adhere to the combined comparison of negligence rule.

Considering all the factors, the rules on interpretation of statutes, the holdings of the many other courts, the policy of the state as we perceive it in comparative negligence cases, and the fairness concept which underlined the decision of the District Court, we conclude that Montana should join the majority of states that support the combined tortfeasors rule. We interpret § 27-1-702, MCA, as requiring, in cases of multiple defendants, against whom recovery is sought, that the negligence of the plaintiff is to be compared with the combined negligence of the concurrent tortfeasor defendants to determine if plaintiff may recover. For that reason, we decline to issue a writ of supervisory control as requested by petitioners which would modify or reverse the decision of the District Court on this question.

Both sides in this case have raised questions relating to the effect of either individual comparison or combined comparison on the joint and several liability of concurrent tortfeasors. In either case such considerations are beside the point in this discussion. As the Pennsylvania Supreme Court said in Elder v. Orluck, 515 A.2d at 525, "any

unfairness that results when a tortfeasor cannot be made to pay his proportionate share of the damages is a product of the joint and several liability doctrine.  It does not result from applying the 'combined comparison' rule."

## II.

Since we determine to adhere to the combined comparison of negligence rule, this case must go back for further proceedings in the District Court on the issue of damages. Petitioners, however, object to this, contending that instructions given by the District Court in the first trial of this bifurcated case misled the jury.

The District Court's charge to the jury on the subject of comparative negligence included these instructions:

No. 11.  Every person is responsible for injury to the person or property of another, caused by want of ordinary care or skill.  When used in these instructions, negligence means want of such ordinary care or skill.  Such want of ordinary care or skill exists when there is a failure to do that which a reasonable and prudent person would ordinarily have done under the existing circumstances of the situation, or doing what such person under the existing circumstances would not have done.

No. 15.  Negligence on the part of the Plaintiff does not bar his recovery unless his negligence was greater than the negligence of the Defendant from whom he seeks recovery.  However, the total amount of damages the Plaintiff would otherwise be entitled to recover will be reduced by the Court in proportion to the amount of negligence attributable to the Plaintiff.

No. 16.  The laws of the State of Montana provide that contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to the person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damage allowed shall be

diminished in proportion to the amount of negligence attributable to the person recovering.

No. 17. You are instructed that the doctrine of "comparative negligence" is applicable to this case. You must first decide for each of the parties whether each was negligent and whether each of the parties' negligence, if any, was a legal cause of the accident. If you determine that a party was not negligent, or that his negligence was not a legal cause of the accident, you should enter zero percentage in the appropriate line next to that party's name on the verdict form.

If any party was negligent and his negligence was a legal cause of the accident, you must determine the degree of his negligence and assess to him a percentage of negligence contributing as a legal cause to the accident and enter the percentage on the appropriate line next to that party's name on the verdict form.

The petitioners contend that because the instructions refer to "the defendant" in the singular and not in the plural, that the jury was misinstructed if combined comparison of negligence is now applied. Therefore, they claim, the question of the defendants' negligence must be retried.

The plaintiff responds that the use of the singular "defendant" in the instructions was the result of objections made at the time of settling instructions by the petitioners, and that the court instructed the jury in the manner it did reserving to the parties the right to argue post-verdict as to the legal effect of the comparative negligence statute.

In examining this issue in the light of the proceedings before the District Court, it occurs to us that the instructions to the jury on the effect of comparative negligence were immaterial. This was a bifurcated case, and the only issue submitted to the jury was the duty of deciding the proportionate negligence, if any, of the parties.

- 14 -

In State Bank of Townsend v. Maryann's, Inc. (Mont. 1983), 664 P.2d 295, 301, 40 St.Rep. 637, Justice Weber emphasized the duty of a district court to instruct the jury as to how to use a special verdict.

Court's instruction no. 17, which we have set out in full above, carefully and properly instructs the jury as to its use of the special verdict form. It was the duty of the jury to determine factual issues as instructed by the court, and not questions of law. The verdict form itself was adequate to enable the jury to determine the factual issues that were essential in this case. The question of damages was reserved for a later trial and was no business of this jury.

It was suggested to us in oral argument in this case, that if the jury knew the effect of their findings in this bifurcated case, that is, that the combined comparison of negligence rule was going to be applied, that perhaps it might have altered the percentages so as to achieve a no-verdict result for the plaintiff. We cannot impugn the integrity of the jury that it indulged in that kind of manipulation. The single duty of the jury in this case was to determine the applicable percentages of negligence, if such negligence existed. We cannot order a new trial in this case upon the mere speculation that if the jury could foresee the precise effect of their factual determination, even though not called on to determine damages, their factual determination would be different from what they decided.

### III.

For the reasons foregoing, we decline to issue a writ of supervisory control directed to the District Court to modify its determination as to the legal effect of § 27-1-702, MCA, or to order a new trial on negligence in this bifurcated case. We therefore deny the writ and remand this cause to

- 15 -

the District Court for further proceedings in accordance with
this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice L. C. Gulbrandson specially concurring and dissenting.

I concur with the adoption of the theory of combined negligence of concurrent tortfeasor defendants, but I do not agree with its application in this case where the jury was not instructed on its application. In my opinion, a new trial should be ordered so that a properly instructed jury can determine percentages of negligence, if any, of the parties and fix, if necessary, an appropriate damage award.

_____
Justice

Mr. Chief Justice J. A. Turnage:

I concur with Mr. Justice Gulbrandson.

_____
Chief Justice

17