Joan R. MANOR, individually and as personal representative of the Estate of Neil D. Manor, Sr., deceased, Plaintiff-Respondent,

v.

Anna HANSON and Milwaukee Guardian Insurance, Inc., a Wisconsin insurance corporation, Defendants-Respondents,

and

TREMPEALEAU COUNTY and General Casualty Company of Wisconsin, a Wisconsin insurance corporation, Defendants-Appellants.†

Court of Appeals

*No. 83–2031. Submitted on briefs June 25, 1984.—
Decided September 4, 1984.*
(Also reported in 356 N.W.2d 925.)

† Petitions to review and cross-review granted.

For the appellants the cause was submitted on the briefs of *Francis J. Wilcox, Daniel A. Enright* and *Wilcox & Wilcox* of Eau Claire.

For the plaintiff-respondent the cause was submitted on the brief of *William A. Adler* and *Adler and La Fave* of Eau Claire.

For the defendants-respondents the cause was submitted on the brief of *Garvey, Anderson, Kelly & Ryberg, S.C.,* of Eau Claire.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Trempealeau County appeals from a judgment finding it liable for damages in excess of $25,000.[1] A jury found that Anna Hanson negligently caused damages of $296,558.50 while operating her automobile. On summary judgment, the trial court ruled that Hanson was a servant of the county and that the county rented her automobile. The two rulings had the effect of making the county responsible for Hanson's negligence with no limitation on liability. Because Hanson was a servant of the county, but because the county did not rent her automobile, we reverse the judgment and remand the matter to the trial court with directions.

The county raises two issues that we must decide: (1) whether the trial court erred by determining on summary judgment that Hanson was a servant of the county; and (2) whether the trial court erred by determining that payment of a mileage fee by the county constituted rental of Hanson's automobile.

This wrongful death action arises from an automobile accident that killed Neil Manor. Anna Hanson was the driver of the other car involved in the accident that occurred while she was performing volunteer services for Trempealeau County. Under the volunteer program operated by the county, Hanson provided transportation to elderly and handicapped persons with her own automobile. Joan Manor, Manor's surviving wife, commenced this action against both Hanson and the county.

Manor proceeded against the county on the theory that the volunteer driver, Hanson, was a servant. The facts concerning the relationship between the county and the volunteer drivers are not disputed. The county advertised for volunteers to provide transportation services to the elderly and handicapped. The volunteers agreed

---

[1] The trial court granted a judgment holding Hanson and the county jointly liable for $25,000, and the county also liable for the balance of the total damages of $296,558.50. Hanson's insurer has not appealed the judgment.

to provide services as the county required. The county reserved the authority to determine what transportation services should be provided. The county provided written guidelines for volunteer drivers. It also designated captains to respond to requests for transportation who then dispatched volunteer drivers. Finally, the county paid drivers a set rate for their mileage.

Although the county had the authority, it did not closely supervise the volunteer drivers. Users of the transportation service contacted drivers directly when the drivers became known to the users. The drivers determined their own schedules. They could refuse to make specific trips and they could terminate their involvement in the program at any time. Meetings were not held with the drivers after an initial orientation.

Summary judgment should not be granted unless there is no genuine issue as to material facts. Section 802.08 (2), Stats. Whether a master-servant relationship exists is usually a factual question for the jury. *Soczka v. Rechner*, 73 Wis. 2d 157, 163, 242 N.W.2d 910, 913 (1976). Where the facts describing the relationship are not disputed, however, the determination of whether the facts satisfy the legal standard for a servant is a question of law. *See Nottelson v. DILHR*, 94 Wis. 2d 106, 116–17, 287 N.W.2d 763, 768 (1980). In this case, the parties agree on the terms of the relationship between Hanson and the county, while disagreeing that the facts made Hanson a servant. The status of Hanson is a question of law, which can be decided on summary judgment.

The trial court correctly ruled that Hanson was not an independent contractor. The critical question is whether the county had the right to control her physical conduct. *See Arsand v. City of Franklin*, 83 Wis. 2d 40, 48, 264 N.W.2d 579, 583 (1978). Although the county did not exercise much actual control over the volunteer

drivers, the right to control is established in the agreement signed by each volunteer. The right to control distinguishes this case from *Lofy v. Joint School District No. 2*, 42 Wis. 2d 253, 166 N.W.2d 809 (1969), relied upon by the county, where no right to control a bus company was reserved by the school district.

The county unpersuasively argues that the trial court was required to submit the issue of Hanson's status to the jury, after denying the county's motion for summary judgment. The trial court refused to find that Hanson was an independent contractor, as requested by the county. Instead, the court ruled that she was a person subject to the county's control. The trial court may grant summary judgment to a party who has not moved for it. Section 802.08(6), Stats. Because the issue was appropriate for summary judgment, the trial court correctly decided that Hanson was a person subject to the county's control. For this reason, the trial court also correctly refused to permit testimony on the issue at trial.

The trial court erred, however, by ruling that the county rented Hanson's automobile. This ruling eliminated the $25,000 limitation on the county's liability provided in sec. 893.80(3), Stats. Under sec. 345.05(3), Stats., no limitation exists for damages caused by a motor vehicle owned and operated by a municipality, including a county. A motor vehicle is considered owned if it is rented or leased by the county. Section 345.05(2), Stats. Here, the trial court ruled that the mileage reimbursement to Hanson constituted rental of her automobile. We disagree.

Whether an automobile is "rented or leased" because the owner receives mileage reimbursement requires interpretation of sec. 345.05, Stats. This is a question of law that we review without deference to the trial court.

*Central National Bank v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). Words that have a peculiar meaning in the law are construed according to that meaning. Section 990.01(1), Stats. Here, the words "rent" and "lease" have definite meaning in the law.

We conclude that reimbursement for mileage does not constitute rental of an automobile because no right to possession results from the payment. In a rental or lease situation, the lessor relinquishes physical possession of property to the lessee, while retaining legal title to the property. *First Wisconsin National Bank v. Ford Motor Credit Co.,* 94 Wis. 2d 622, 632, 289 N.W.2d 288, 292 (1980). A lease creates a bailment that entitles the bailee to exercise all possessory rights over the property. *Moore v. Relish,* 53 Wis. 2d 634, 639, 193 N.W.2d 691, 693 (1972). In this case, no lease existed because the county had no right to possession of Hanson's automobile. *See Lofy,* 42 Wis. 2d at 264, 166 N.W.2d at 814. Since sec. 345.05(3) is inapplicable and the $25,000 limitation of sec. 893.80(3) applies, we reverse the judgment and direct the trial court to enter a judgment holding Hanson and the county jointly liable for $25,000.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions. Costs to appellant.